ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **GLORIA GONZÁLEZ QUILES** <br> DEMANDANTE(S)-PETICIONARIA(S) <br><br> V. <br><br> **CARMEN R. TORRES FIGUEROA** <br> **GERMÁN L. ALICEA SALVAT** <br> DEMANDADA(S)-RECURRIDA(S) | KLAN202300937[1] | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de **BAYAMÓN** <br><br> Caso Núm. **VB2022CV00850 (701)** <br><br> Sobre: Cobro de Dinero; Regla 60 y otros |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 8 de diciembre de 2023.

Comparece ante este Tribunal de Apelaciones, la señora **GLORIA GONZÁLEZ QUILES** (señora **GONZÁLEZ QUILES**) mediante *Cer[t]iorari* instado el 5 de octubre de 2023. En su recurso, nos solicita que revisemos la *Sentencia* dictada el 16 de agosto de 2023 por el Tribunal de Primera Instancia, Sala Superior de Bayamón.[2] Mediante dicho dictamen, el foro *a quo* ordenó la desestimación de la causa de acción sobre cobro de dinero, con perjuicio, debido que **no se emplazaron a todos las partes demandadas dentro del término de los ciento veinte (120) días dispuesto por la Regla 4.3 de las de Procedimiento Civil de 2009** (Énfasis nuestro).

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] El 20 de octubre de 2023, en consideración a que se interesa la revisión de una *Sentencia* decretada el 16 de agosto de 2023, se dictaminó *Resolución* acogiendo el recurso como una *Apelación*.

[2] Esta determinación judicial fue notificada y archivada en autos el 16 de agosto de 2023. Véase Apéndice del *Cer[t]iorari*, págs. 51- 52.

Número Identificador:
SEN2023_____

## - I -

El 30 de septiembre de 2019, la señora **GONZÁLEZ QUILES** incoó, por derecho propio, una *Demanda de Desahucio* y cobro de dinero al palio de un procedimiento sumario.[3] En síntesis, la señora **GONZÁLEZ QUILES** alegó que, junto al señor Ángel Torres Colón, su difunto esposo, compraron una finca, Lote 1 & 2 en el Barrio Pugnado Afuera en Vega Baja, Puerto Rico, según se describe en la Escritura de *Segregación y Compraventa*, Número Ochenta y Siete (87), otorgada ante la Notario Público Iris Marrero García. Argumentó que, desde marzo de 2018, los señores **CARMEN R. TORRES FIGUEROA** y **GERMÁN L. ALICEA SALVAT** (señores **TORRES FIGUEROA** y **ALICEA SALVAT**) han invadido la propiedad (solar y edificación), sin justo título, ni contrato de arrendamiento alguno.

Así las cosas, el 1 de noviembre de 2019, los señores **TORRES FIGUEROA** y **ALICEA SALVAT** presentaron su *Contestación a Demanda y Solicitud de Conversión a Pleito Ordinario*. Aseguraron que ocupan de buena fe y han realizado mejoras a la propiedad presuntamente invadida, que sobrepasan los $50,000.00. Durante el proceso, el 1 de octubre de 2021, el foro de instancia decretó *Orden de Traslado* por exceder la cantidad de $50,000.00.[4]

Luego de varios incidentes procesales, el 14 de febrero de 2022, el tribunal primario intimó *Sentencia* ordenando la desestimación, sin perjuicio, de la causa de acción al amparo de la Regla 16.1 de las de Procedimiento Civil de 2009 por **la falta de los miembros de la sucesión de Ángel Torres Colón como parte indispensable**.[5] Insatisfecha, el 28 de marzo de 2022, la señora **GONZÁLEZ QUILES** entabló un recurso de *Apelación*, cuyo alfanumérico es KLAN202200216.[6] El día 11 de agosto de 2022, este Tribunal de Apelaciones emitió *Sentencia* confirmando el dictamen apelado.

---

[3] A dicha reclamación, se le asignó el número de caso: VB2019CV00806. Véase Apéndice del *Cer[t]iorari*, págs. 1- 2.

[4] *Íd.*, pág. 3. Véase, además: 32 LPRA Ap. V, R. 16.1.

[5] Énfasis nuestro. *Íd.*, págs. 25- 27.

[6] *Íd.*, págs. 28– 36.

Ante esta situación, el 14 de noviembre de 2022, la señora **GONZÁLEZ QUILES** instó una segunda *Demanda*, cuyo número asignado es VB2022CV00850.[7] Posteriormente, el 5 de julio de 2023, los señores **TORRES FIGUEROA** y **ALICEA SALVAT** presentaron *Moción de Desestimación con Perjuicio*.[8] En esencia, arguyeron que no se diligenciaron los emplazamientos dentro del plazo de ciento veinte (120) días, según dispone la Regla 4.3 de las de Procedimiento Civil de 2009, por lo que, procede desestimar, con perjuicio, por ser la controversia entre las mismas partes y los mismos hechos por segunda ocasión. Consecuentemente, el 16 de agosto de 2023, el foro recurrido pronunció la *Sentencia* apelada.

Días después, el 22 de agosto de 2023, la señora **GONZÁLEZ QUILES** presentó su *Moción de Reconsideración*.[9] El 23 de agosto de 2023, el foro primario dictó *Orden* concediéndole un término de veinte (20) días a los señores **TORRES FIGUEROA** y **ALICEA SALVAT** para exponer su posición.[10] El 13 de septiembre de 2023, los señores **TORRES FIGUEROA** y **ALICEA SALVAT** presentaron su *Oposición a Reconsideración*.[11] El 15 de septiembre de 2023, el foro apelado dictaminó *Resolución* declarando "No Ha Lugar" la *Moción de Reconsideración*.[12]

En desacuerdo con ese proceder, el 5 de octubre de 2023, la señora **GONZÁLEZ QUILES** acudió ante este tribunal intermedio mediante un auto de *Cer[t]iorari*. En su escrito, señala el siguiente error:

> Erró el Honorable Tribunal al dictar Sentencia con perjuicio, por haber una sentencia anterior, que fue por faltar una Parte Indispensable, y ahora, en el caso que nos ocupa, por no haberse emplazado a todos los codemandados, dentro de los 120 días señalados en la Regla 4.3 (c) (Exh 25).

Luego, el 26 de octubre de 2023, prescribimos *Resolución* mediante la cual, entre otras cosas, concedimos un plazo perentorio de treinta (30) días a

---

[7] Véase Apéndice del *Cer[t]iorari*, págs. 37- 40.
[8] *Íd.*, págs. 45- 49.
[9] *Íd.*, págs. 53- 56.
[10] *Íd.*, pág. 57.
[11] *Íd.*, págs. 58- 59.
[12] *Íd.*, págs. 60- 61.

los señores **TORRES FIGUEROA** y **ALICEA SALVAT** para presentar su alegato en oposición. Consiguientemente, el 28 de noviembre de 2023, los señores **TORRES FIGUEROA** y **ALICEA SALVAT** presentaron su *Alegato en Oposición de los Apelados*.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A -

Es preciso señalar que, en conformidad con el *Código de Enjuiciamiento Civil*, poseen acción para promover el juicio de desahucio los dueños de la finca, sus apoderados, los usufructuarios o cualquiera otro que tenga derecho a disfrutarla y sus causahabientes.[13]

De forma específica, procederá el desahucio contra los inquilinos, colonos y demás arrendatarios, los administradores, encargados, porteros o guardas puestos por el propietario en sus fincas, y cualquier otra persona que detente la posesión material o disfrute precariamente, sin pagar canon o merced alguna.[14] Del mismo modo, en el juicio de desahucio, si queda demostrado que el mandamiento es contra una persona de edad avanzada, el tribunal ordenará la notificación a la Oficina del Procurador de Personas de Edad Avanzada, a fin de que esta entidad le brinde la ayuda que esté justificada.[15]

Así pues, el desahucio es uno de los procedimientos más utilizados en nuestro país para reivindicar, mediante trámite y juicio sumario, la posesión y el disfrute de un inmueble.[16] El Máximo Foro ha expresado que ha mantenido íntegro su carácter sumario; pero que, a la par ha permitido la

---

[13] 32 LPRA sec. 2821, Art. 620.
[14] 32 LPRA sec. 2822, Art. 621.
[15] 32 LPRA sec. 2824, Art. 623.
[16] *Crespo Quiñones v. Santiago Velázquez*, 176 DPR 408 (2009).

presentación de defensas relacionadas íntimamente con las causas de desahucio alegadas.[17]

Fundamentalmente, el procedimiento sumario responde al interés del Estado en atender rápidamente la reclamación del dueño de un inmueble que ve interrumpido el derecho a poseer y disfrutar de su propiedad.[18] Por tanto, el objetivo de esta acción especial es recuperar la posesión de hecho de un bien inmueble mediante el lanzamiento o la expulsión del arrendatario o precarista.[19] Es decir, lo único que se busca recobrar es la posesión, por ende, la acción sumaria debe limitarse a la concurrencia o consolidación de otras acciones o defensas.[20] Consecuentemente, cuando la parte demandada presenta otras defensas afirmativas relacionadas con la acción de desahucio, ésta puede solicitar que el procedimiento se convierta al trámite ordinario.[21]

Ahora bien, el Artículo 629 del *Código de Enjuiciamiento Civil* instituye expresamente el término para apelar:

> **"Las apelaciones deberán interponerse en el término de cinco (5) días, contados desde la fecha de archivo en autos de la notificación de la sentencia**, por las partes perjudicadas por la misma o sus abogados".[22]

### - B -

La *jurisdicción* se refiere al poder o autoridad de un tribunal para considerar y decidir casos, por lo que su ausencia priva a un foro judicial del poder necesario para adjudicar una controversia.[23] Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción*. Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser

---

[17] *Íd.*
[18] *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5, 9 (2016).
[19] *Íd.*, pág. 10.
[20] *Íd.*
[21] *Íd.*
[22] 32 LPRA sec. 2831, Art. 629. (énfasis nuestro).
[23] *Payano v. SLG Cruz-Pagán,* 209 DPR 876, 889 (2022) (Sentencia)*; Metro Senior v. AFV*, 209 DPR 203, 208 (2022); *Allied Mgmt. Group. v. Oriental Bank,* 204 DPR 374, 385-386 (2020).

considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción* por ser privilegiadas deben ser resueltas con preferencia.[24]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: priva a un foro judicial del poder necesario para adjudicar una controversia; los tribunales no poseen discreción para asumirla cuando no la tienen; no es susceptible de ser subsanada; las partes no pueden conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; se impone a los tribunales el ineludible deber de auscultar su propia *jurisdicción* —y a los tribunales apelativos la obligación de examinar la *jurisdicción* del foro de donde procede el recurso—; las cuestiones jurisdiccionales deben ser resueltas con preferencia sobre otros asuntos, y su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.[25]

Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[26]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*.[27] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[28]

Es preciso señalar que la Regla 83(C) del Reglamento del Tribunal de Apelaciones consigna nuestra facultad para que, a iniciativa propia, se

---

[24] *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 373 (2018).
[25] *Allied Mgmt. Group. v. Oriental Bank, supra*, pág. 386.
[26] *Id.*, págs. 386-387; *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 501 (2019).
[27] *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).
[28] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra*.

desestime una apelación o deniegue la expedición de un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[29] "Una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, ya que éste adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".[30] Una vez un tribunal determina que no tiene *jurisdicción, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos".*[31] Ello sin entrar en los méritos de la controversia ante sí.

- III -

La señora **GONZÁLEZ QUILES** presentó dos (2) demandas. Cuando el tribunal de instancia desestimó, sin perjuicio, la primera reclamación por falta de parte indispensable, lo cierto es que ese procedimiento había sido convertido a uno ordinario.[32] Al momento en que la señora **GONZÁLEZ QUILES** presentó la segunda causa de acción, el 14 de noviembre de 2022, sobre desahucio y cobro de dinero, la cual fue posteriormente desestimada con perjuicio, en ningún momento se había convertido a un procedimiento ordinario, por lo que, **mantuvo la naturaleza sumaria del desahucio.**[33] La *Sentencia* fue decretada el 16 de agosto de 2023. Empero, la señora **GONZÁLEZ QUILES** optó por presentar una *Moción de Reconsideración* que fue resuelta el 15 de septiembre de 2023. Más, no fue sino hasta el 3 de octubre de 2023 que presentó su recurso apelativo.

Por ende, la señora **GONZÁLEZ QUILES** presentó su recurso fuera del término prescrito de cinco (5) días por nuestro ordenamiento.[34] Este

---

[29] 4 LPRA Ap. XXII-B. Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*

[30] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018) (comillas omitidas).

[31] *S.L.G. Szendrey-Ramos v. F. Castillo, supra,* pág. 883.

[32] Véase Apéndice del *Cer[t]iorari,* pág. 3.

[33] (Énfasis nuestro).

[34] 32 LPRA sec. 2831, Art. 629.

incumplimiento nos priva de jurisdicción para atender las controversias planteadas. En consecuencia, procede la desestimación del recurso de apelación por falta de jurisdicción.

- IV –

Por los fundamentos antes expuestos, y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *desestimamos,* por ausencia de jurisdicción, el recurso de *Cer[t]iorari* incoado el 5 de octubre de 2023 por la señora GONZÁLEZ QUILES.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Lebrón Nieves concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones