Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| FAUSTINO GARCÍA RIVERA<br><br>Peticionario<br><br>v.<br><br>HARRISON TYLER HINES<br><br>Recurrido | KLCE202400036 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso núm.: CA2023CV03655<br><br>Sobre: Desahucio por falta de pago |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz, la jueza Mateu Meléndez y la jueza Prats Palerm

**Figueroa Cabán, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 24 de enero de 2024.

Comparece el señor Faustino García Rivera, en adelante el señor García o el peticionario, quien nos solicita que revoquemos la *Resolución* emitida el 7 de diciembre de 2023, en la cual el Tribunal de Primera Instancia, Sala de Carolina, en adelante TPI, ordenó continuar los procedimientos de desahucio por la vía ordinaria.

Por los fundamentos que expondremos a continuación, se deniega la expedición del recurso de *certiorari*.

-I-

En el contexto de una *Demanda*[1] sobre desahucio y cobro de dinero, mediante el procedimiento sumario establecido en la Ley Núm. 86-2011, el señor García alegó que el señor Harrison Tyler Hines, en adelante el señor

---

[1] Apéndice del peticionario, págs. 1-6.

Tyler o el recurrido, le adeudaba unas sumas de dinero por el arrendamiento de un inmueble.

Por su parte, el recurrido presentó una *Contestación a Demanda y Reconvención* en la que negó algunos hechos materiales y admitió otros.[2] Entre las admisiones, aceptó adeudar cánones de arrendamiento y el importe de utilidades, e indicó que no realizó los pagos "por el incumplimiento del Demandante [peticionario] de su obligación de mantener los equipos del Apartamento operando según pactado".[3] Añadió que estas condiciones, así como los desperfectos de los aires acondicionados, la plomería, la presión de agua y de la máquina de hielo, han afectado su uso y disfrute de la propiedad.[4]

En cuanto a la *Reconvención*, presentó dos causas de acción.[5] La primera consistió en una solicitud de sentencia declaratoria fundamentada en las siguientes reclamaciones y defensas afirmativas: el señor García no notificó el supuesto incumplimiento del canon de renta; no agotó los remedios extrajudicialmente, antes de presentar la reclamación de epígrafe; e ignoró su deber de reparar los enseres y de proveer dos estacionamientos utilizables. El señor Tyler opina que ostenta el derecho a permanecer en la propiedad y que el desalojo, además de ilegal, representa un daño real, inmediato y preciso para él y su familia. Mediante la segunda, reclamó daños por incumplimiento de contrato. Esencialmente, sostuvo, que por las razones previamente expuestas, así como la conducta temeraria y contumaz del peticionario, el uso y disfrute de la propiedad no han sido conforme a lo

---

[2] *Id.*, págs. 10-27.
[3] *Id.*, pág. 12 (alegación de hecho 12).
[4] *Id.*, pág. 11 (alegación de hecho 7).
[5] *Id.*, págs. 19-26.

pactado y ha sufrido daños que se estiman en no menos de 20,000.00. Además, solicitó la imposición del interés legal presentencia y la imposición de honorarios y costas de abogado.

Posteriormente, el recurrido presentó una *Moción de Conversión de Procedimiento Sumario a Ordinario*[6], en la que reiteró las reclamaciones esbozadas en la *Reconvención*. Además, insistió en que existe controversia en cuanto a la alegada cantidad adeudada. A su entender, todas las sumas por concepto de los daños, que reclama haber sufrido, deben restarse de cualquier deuda por concepto de cánones de arrendamiento. Finalmente, puntualizó que el desahucio no procede hasta que se resuelva dicha controversia.

En desacuerdo, el señor García se opuso a la conversión del procedimiento a uno ordinario, por entender que el único esquema procesal permisible es el desahucio sumario.[7] Argumentó que el pleito de epígrafe se fundamenta en la falta de pago del canon convenido, de modo que, conforme al *Código de Enjuiciamiento Civil de Puerto Rico de 1933*, según enmendado, "no se admitirá al demandado [recurrido] otra prueba que la del recibo o cualquier otro documento en que conste haberse verificado el pago"[8]. Así pues, adujo que el señor Tyler no demostró los elementos que justifican la conversión del trámite en uno ordinario y que las defensas del señor Tyler, en torno al incumplimiento de contrato, son susceptibles de dilucidación y escrutinio en un procedimiento sumario de desahucio estatal.

---

[6] *Id.*, págs. 28-31.
[7] *Id.*, págs. 35-38.
[8] 32 LPRA sec. 2829.

Celebrada la vista de desahucio, el TPI arribó a las siguientes conclusiones:

El tribunal hace constar que la argumentación de ambos abogados es contradictoria y tiene suficiente información para tomar una determinación. Añadiendo que el Tribunal Supremo reiteradamente ha resuelto que el Tribunal de Primera Instancia tiene discreción de darle la oportunidad a la persona que lo solicita a realizar un descubrimiento de prueba.

El tribunal entiende que la parte demandada ha cumplido con los requisitos para solicitar la conversión a la vía ordinaria, por lo que **en el ejercicio de su discreción ordena continuar los procedimientos por la vía ordinaria.**

[…]

…las expresiones del tribunal se presumen a un posible incumplimiento de la parte demandante y de la parte demandada, por lo que entiende que están en partes iguales y su resumen se basa en que posiblemente ambas partes incumplieron y existen posibilidades de que ambas partes puedan prevalecer en sus reclamaciones.[9]

Conforme a lo anterior, el TPI emitió una *Resolución* mediante la cual declaró ha lugar la continuación de los procedimientos por la vía ordinaria.[10]

Insatisfecho, el peticionario presentó una *Petición de Certiorari* en la cual invoca la comisión de los siguientes errores:

ERRÓ EL TPI EN LA APLICACIÓN NORMATIVA, AL DETERMINAR QUE PROCEDÍA LA CONVERSIÓN DEL ASUNTO, PARA SU DILUCIDACIÓN BAJO LAS REGLAS ORDINARIAS DE PROCEDIMIENTO CIVIL. FUE PATENTE EL ERROR EN LA MEDIDA EN QUE LAS ALEGACIONES ESGRIMIDAS POR EL RECURRIDO PARA PROCURAR LA CONVERSIÓN, NO JUSTIFICAN LA PRETERICIÓN DEL TRÁMITE SUMARIO Y EL SR [.] GARCÍA, HOY, HA QUEDADO IMPEDIDO DE RETOMAR LA POSESIÓN INMEDIATA DE SU PROPIEDAD.

ABUSÓ DE SU DISCRECIÓN EL TPI Y POR CONSIGUIENTE, ERRÓ, AL ORDENAR LA CONVERSIÓN DEL ASUNTO. LA CONVERSIÓN ORDENADA NO ENCUENTRA APOYO EN NINGÚN PRINCIPIO NORMATIVO NI DOCTRINAL.

Del mismo modo, el señor García presentó ante nuestra consideración una *Moción en Solicitud de Auxilio de Jurisdicción*, que declaramos no ha lugar.

---

[9] Apéndice del peticionario, págs. 39-42. (Énfasis suplido).
[10] *Id.*, págs. 43-44.

Revisados los escritos de las partes y los documentos que obran en autos, estamos en posición de resolver.

-II-

A.

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[…].[11]

1.

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[12] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene

---

[11] Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.
[12] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).

la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[13]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[14]

**B.**

La acción de desahucio es el medio que tiene el dueño o la dueña de un inmueble arrendado para recobrar judicialmente la posesión de este mediante la expulsión

---

[13] *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón* v. *Srio. de Justicia*, 154 DPR 79, 91 (2001).
[14] *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.

del arrendatario o precarista que se mantiene en la propiedad sin pagar canon o merced alguna.[15]

En lo aquí pertinente, el Tribunal Supremo de Puerto Rico, en adelante TSPR, dispuso que, ante la naturaleza bilateral de las obligaciones en un contrato, si el arrendador incumple, el arrendatario puede oponerlas como defensas. "Esta casuística arroja una sola conclusión: una vez esgrimidas estas defensas, el juzgador deberá auscultar sus méritos, los hechos específicos que se aducen y discrecionalmente ordenar la conversión del procedimiento al juicio ordinario".[16]

### c.

Por otro lado, es norma firmemente establecida que los tribunales apelativos no intervienen con el manejo de los casos por parte del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[17] Conviene destacar que "la discreción se fundamenta [,entre otras,] en el contacto con los litigantes y la prueba que se haya presentado"[18]. Por tal razón, el ejercicio de las facultades discrecionales por el foro de instancia merece nuestra deferencia salvo que incurra en algunas de las conductas previamente mencionadas y si a la luz

---

[15] *Ortiz Zayas v. ELA*, 2023 TSPR 43, 211 DPR __ (2023). Véase, además, *Cooperativa v. Colón Lebrón*, 203 DPR 812, 820 (2020); *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5, 9 (2016); *Turabo Ltd. Partnership v. Velardo Ortiz*, 130 DPR 226, 234-235 (1992). Véase, además, Arts. 620-634 de la *Ley de Procedimientos Legales Especiales* del *Código de Enjuiciamiento Civil* (32 LPRA secs. 2821-2838).
[16] *Turabo Ltd. Partnership v. Velardo Ortiz*, *supra*, págs. 245-246.
[17] *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 338 (2021); *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920, 933 (2015).
[18] *Citibank v. ACBI et al.*, 200 DPR 724, 736 (2018).

de la prueba admitida, "no exista base suficiente que apoye su determinación".[19] Además, dicho foro es el que mejor conoce las particularidades del caso y quien está en mejor posición para tomar las medidas necesarias que permitan cimentar el curso a trazar para llegar eventualmente a una disposición final.[20]

## -III-

El peticionario alega que la naturaleza del pleito de epígrafe amerita el procedimiento sumario de desahucio estatal porque el recurrido no ha satisfecho los cánones de arrendamiento adeudados y sus defensas, en torno al incumplimiento de contrato por parte del señor García, son susceptibles de dilucidación y escrutinio en dicho procedimiento. Por otro lado, aduce que el señor Tyler no demostró tener derecho a ocupar el inmueble, ni un mejor título que el suyo. Arguye, además, que el TPI ignoró el contenido del contrato de arrendamiento y el hecho de que, a la fecha de la presentación de la demanda de desahucio, el recurrido se encontraba en mora, a pesar de que el arrendador le exigió el cumplimiento de los cánones de arrendamiento adeudados mediante una notificación formal. Por consiguiente, el señor García aduce que el TPI abusó de su discreción al ordenar la conversión de los procedimiento en uno ordinario, en contravención de los principios normativos que rigen el trámite de desahucio sumario. En síntesis, argumenta que la mora en el pago oportuno de los cánones de arrendamiento es motivo

---

[19] *Gómez Márquez et al. v. El Oriental*, 203 DPR 783, 794 (2020).
[20] *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 142 (2013); *Mejías et al. v. Carrasquillo et al,* 185 DPR 288, 306-307 (2012). Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón*, 2023 TSPR 145, 213 DPR ___ (2023).

suficiente para recuperar la posesión inmediata de su propiedad.

Luego de revisar el recurso ante nuestra consideración, es forzoso concluir que no es revisable bajo ninguno de los supuestos de la Regla 52.1 de Procedimiento Civil, *supra*, ni sus excepciones.

Tampoco colegimos que el remedio y la disposición de la decisión recurrida son contrarios a derecho. Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra*.

Como si lo anterior fuera poco, la determinación interlocutoria impugnada sobre manejo del caso no presenta ninguna de las circunstancias extremas que justificarían la intervención de este tribunal intermedio.

Finalmente, no existe ningún otro fundamento que justifique la expedición del auto solicitado. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**-IV-**

Por los fundamentos antes expuestos, se deniega la expedición del recurso de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones