Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JOAQUINA PAGÁN VÁZQUEZ<br><br>Apelante<br><br>v.<br><br>LINDA FONTÁNEZ ESTRADA<br><br>Apelada | KLAN202401082 | APELACIÓN<br>Procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br>Caso Núm.:<br>HU2024CV00807<br><br>Sobre:<br>Desahucio por falta de pago |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm

Álvarez Esnard, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 24 de enero de 2025.

Comparece ante nos la señora Joaquina Pagán Vázquez ("la señora Pagán Vázquez" o "la parte apelante" o "la demandante") mediante un *Recurso de Apelación Civil*. Nos solicita la revocación de la *Sentencia* emitida el 25 de noviembre de 2024, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Humacao ("foro primario" o "foro *a quo*"). Por virtud de la misma, el foro primario declaró *No Ha Lugar* la acción legal de desahucio instada por la demandante, toda vez que no presentó prueba para prevalecer en el pleito.

Por los fundamentos que expondremos a continuación, **confirmamos** la *Sentencia* apelada.

## I.

El 10 de junio de 2024, la señora Pagán Vázquez instó una *Demanda de Desahucio y Cobro de Dinero* contra la señora Linda Fontánez Estrada ("Fontánez Estrada", "la parte apelada" o "la

Número Identificador

SEN(RES)2025_____

demandada").[1] En síntesis, alegó que es dueña de la propiedad cuyos datos registrales son los siguientes:

> Número de Catastro: 281-079-390-21-001. Urbana: Solar: 365. URBANIZACIÓN VERDE MAR de Humacao. Cabida: 230 Metros Cuadrados. Linderos: Norte, en 10.00 metros con los solares 365 y 366 de la urbanización. Sur, en 10.00 metros con la calle 9 de la urbanización. Este, en 23.00 con el solar 347 de la urbanización. Oeste, en 23.00 metros con el solar 349 de la urbanización. Enclava una casa de vivienda de hormigón de una sola planta con marquesina y balcón modelo duplex. TRACTO: Se segrega de la finca. Inscrita a favor de Joaquina Pagán Vázquez quien adquirió por Compraventa, por precio de $67,000.00, mediante la escritura 38, otorgada el 28 de enero de 2004, ante el notario Roberto J. Alfonso, según inscripción.[2]

Según relató la demandante, la señora Fontánez Estrada reside en la aludida propiedad en virtud de un acuerdo verbal, el cual establece un canon de arrendamiento de quinientos dólares mensuales dólares ($500.00), de los cuales cuatrocientos uno dólares ($401.00) corresponderían al pago de la garantía hipotecaria que grava el bien inmueble descrito. Sin embargo, aseveró que ésta no ha realizado los pagos de la renta, por lo que, adeuda una suma vencida, líquida y exigible de tres mil quinientos noventa y nueve dólares ($3,599.00). Por lo anterior, peticionó el desalojo de la propiedad y el correspondiente pago adeudado.

En atención al reclamo instado, el 16 de julio de 2024, la señora Fontánez Estrada por conducto de su representante legal sometió una *Moción Asumiendo Representación y Urgente Petición de Transferencia*.[3] **En su comparecencia no presentó contestación a la demanda.**

Luego de una serie de acontecimientos procesales, el 14 de noviembre de 2024, la señora Pagán Vázquez representada por la señora Yolanda Lebrón Pagan, quien es su hija, presentó una *Moción Incluyendo Poder Duradero*.[4]. Según la demandante, en virtud de la

---

[1] Apéndice de la parte apelante, págs. 1-4.
[2] Apéndice de la parte apelante, pág. 1.
[3] Entrada Número Nueve (9) del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[4] Apéndice de la parte apelante, págs. 6-9.

*Escritura Número Ocho (8) de Poder Duradero* otorgada en sede notarial, su hija, en calidad de apoderada, ostenta la facultad de representarle en cualquier procedimiento ante los Tribunales de Puerto Rico. Tras evaluar la referida moción, el 18 de noviembre de 2024, el foro *a quo* emitió y notificó *Orden*, en la cual declaró que "[s]e toma conocimiento".[5] Así expuesto, prosiguió el trámite procesal del caso.

Ese mismo día, la demandante presentó *Moción en Solicitud Para Que se Dicte Orden*, en la que indicó que aparentemente la demandada desalojó la propiedad, de acuerdo con una información provista por sus vecinos.[6] En vista de ello, solicitó que el foro primario ordenara a la señora Fontánez Estrada a informar si en efecto desocupó la residencia. Atendida su solicitud, en igual fecha, el foro primario dictó y notificó *Orden* en la que requirió a la parte demandada presentar su posición en o antes del 25 de noviembre de 2024.[7]

En cumplimiento con lo ordenado, el 20 de noviembre de 2024, la señora Fontánez Estrada radicó un escrito intitulado *Aclaración sobre Alegación que Ha Desocupado*.[8] En esencia, adujo que "una sencilla llamada telefónica habría resultado suficiente para haberle contestado que no es correcto lo que los vecinos, cuyos nombres no se indican, aparentemente interpretaron". En vista de lo anterior, solicitó al foro primario que declarara inoficiosa la moción presentada por la demandante.

Evaluados los argumentos de ambas partes, el 21 de noviembre de 2024, el foro *a quo* decretó y notificó *Orden*, en la cual indicó que "[s]e toma conocimiento".[9]

---

[5] Entrada Número Dieciséis (16) de SUMAC.
[6] Entrada Número Diecisiete (17) de SUMAC.
[7] Entrada Número Dieciocho (18) de SUMAC.
[8] Entrada Número Diecinueve (19) de SUMAC.
[9] Entrada Número Veinte (20) de SUMAC.

Continuados los procedimientos judiciales y celebrada la vista en su fondo[10], el 25 de noviembre de 2024, el Tribunal de Primera Instancia emitió *Sentencia*, notificada al día siguiente, en la cual declaró *No Ha Lugar* la *Demanda de Desahucio y Cobro de Dinero*.[11] En lo pertinente, dictó el siguiente razonamiento legal:

> Si bien las partes reconocen que la demandante es la titular de la propiedad objeto del pleito de autos, y que las partes convinieron un contrato de verbal, **la parte demandante no presentó evidencia testifical o documental evidenciando que la parte demandada actualmente le adeuda canon de arrendamiento alguno.** De particular relevancia, del testimonio de la Sra. Yolanda Lebrón Pagán, hija de la demandante, surge que esta no tiene conocimiento personal sobre los hechos medulares a la controversia ya que admitidamente [sic] no participó del negocio suscrito entre las partes, desconoce cu[á]ndo la parte demandada comenzó a ocupar la propiedad y si se adeudan cánones de arrendamiento.

> Considerados los argumentos de las partes, aquilatado el testimonio vertido durante el juicio, evaluado el expediente del caso, y ausente evidencia que la parte demandada ha incumplido con el acuerdo suscrito entre las partes o que ocupa la propiedad sin tener derecho a ello, i.e. pagar canon o merced alguno, se declara NO HA LUGAR la demanda sobre desahucio.

> Se impone fianza en apelación de $100.00. Se da por finalizado el presente caso, se ordena cierre y archivo.

Consecuentemente, el 2 de diciembre de 2023, la parte demandante presentó una *Moción de Consignación* en la cual informó que depositó cien dólares ($100.00) en concepto de fianza en apelación de conformidad a lo establecido *Sentencia* impuesta.[12]

Inconforme con el dictamen judicial, el 3 de diciembre de 2024, la señora Pagán Vázquez recurrió ante este Tribunal de Apelaciones mediante un *Recurso de Apelación Civil*. En su escrito, presentó el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Primera Instancia al declarar no ha lugar la demanda de desahucio por falta de pago a pesar de la parte demandada no haber contestado la demanda y no haber presentado evidencia de los pagos realizados.

---

[10] Apéndice de la parte apelante, págs. 14-19. Surge de la *Minuta* emitida el 21 de noviembre de 2024, notificada en mismo día, que el Tribunal de Primera Instancia celebró la vista en su fondo el 15 de noviembre de 2024.
[11] Apéndice de la parte apelante, págs. 17-19.
[12] Entrada Número Veintitrés (23) de SUMAC.

Sometido su recurso, el 9 de diciembre de 2024, esta Curia emitió *Resolución* concediendo a la parte apelada el término de treinta (30) días para exponer su posición.

## II.
### A. Acción legal de desahucio

En nuestro ordenamiento jurídico, "[l]a persona con derecho a poseer un bien tiene acción para promover el juicio de desahucio contra cualquier poseedor sin derecho a poseer". Artículo 725, Código Civil (2020), de la Ley Núm. 55-2020, 31 LPRA sec. 7863, según enmendada. La acción de desahucio es el medio que tiene el dueño o de un inmueble arrendado para recobrar judicialmente la posesión de éste mediante la expulsión del arrendatario que se mantiene en la propiedad sin pagar canon o merced alguna. *SLG Ortiz-Mateo v. ELA*, 211 DPR 772, 799 (2023); *Cooperativa v. Colón Lebrón*, 203 DPR 812, 820 (2020).

A esos fines, el Artículo 620 del Código de Enjuiciamiento Civil de Puerto Rico, de la Ley Núm. 6 de 31 de marzo de 1933, 32 LPRA sec. 2821, según enmendada, regula principalmente esta figura:

> Tienen acción para promover el juicio de desahucio los dueños de la finca, sus apoderados, los usufructuarios o cualquiera otro que tenga derecho a disfrutarla y sus causahabientes.

Por su parte, el Artículo 621 de la precitada legislación, 32 LPRA sec. 2822, dispone contra quién procede presentar la acción judicial de desahucio:

> Procederá el desahucio contra los inquilinos, colonos y demás arrendatarios, los administradores, encargados, porteros o guardas puestos por el propietario en sus fincas, y cualquier otra persona que detente la posesión material o disfrute precariamente, sin pagar canon o merced alguna.

Por otro lado, conviene explicar que, el desahucio puede solicitarse en un proceso ordinario o en un proceso sumario. *Adm. Vivienda Pública v. Vega Martínez*, 200 DPR 235, 240 (2018). Por tanto, "cuando el demandado presenta otras defensas afirmativas relacionadas con la acción de desahucio, éste puede solicitar que el

procedimiento se convierta al trámite ordinario". *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5, 10 (2016).

No obstante, en lo pertinente a la controversia ante nos, es permisible la ventilación de un reclamo de cobro de dinero en la misma acción de desahucio, según permite el Artículo 627 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2829:

> En tales casos podrá el tribunal, a modo de excepción y únicamente a solicitud de parte interesada, permitir la acumulación de una reclamación en cobro de dinero, fundamentada en la falta de pago del canon o precio en que se basa la reclamación de desahucio, con esta última en el mismo procedimiento judicial sobre desahucio, siguiendo el procedimiento señalado en la Ley de Procedimientos Legales Especiales para dicho recurso legal especial.

El precitado artículo, a su vez, prescribe que "[c]uando la demanda se fundamenta en la falta de pago del canon o precio convenido en un contrato, **no se admitirá al demandado otra prueba que la del recibo o cualquier otro documento en que conste haberse verificado el pago**". 32 LPRA sec. 2829. Agrega esa disposición que "**[l]as pruebas de ambas partes comprenderán los hechos fundamentales de la cuestión principal**". Íd.

De conformidad con lo anterior, una vez probados los hechos, le corresponde al Tribunal de Primera Instancia conceder el desahucio. Ello, pues, el objetivo de esta acción especial es recuperar la posesión de hecho de un bien inmueble mediante la expulsión del arrendatario que no haya pagado canon o merced alguna. *SLG Ortiz-Mateo v. ELA, supra,* págs. 799-800; *ATPR v. SLG Volmar-Mathieu, supra*, pág. 10.

### B. Estándar probatorio en casos civiles

Como regla general, "el peso de la prueba en toda acción civil recae sobre la parte demandante. El estándar aplicable de suficiencia de prueba será el de preponderancia". *Rivera Figueroa v. The Fuller Brush Co.,* 180 DPR 894, 913 (2011). En armonía con lo anterior, la Regla 110 de Evidencia, 32 LPRA Ap. VI, R. 110, instaura

una serie de consideraciones atinentes a la evaluación de la suficiencia de la prueba:

(a) **El peso de la prueba recae sobre la parte que resultaría vencida de no presentarse evidencia por alguna de las partes.**

(b) **La obligación de presentar evidencia primeramente recae sobre la parte que sostiene la afirmativa en el asunto en controversia.**

(c) **Para establecer un hecho, no se exige aquel grado de prueba que, excluyendo posibilidad de error, produzca absoluta certeza.**

(d) **La evidencia directa de una persona testigo que merezca entero crédito es prueba suficiente de cualquier hecho, salvo que otra cosa se disponga por ley.**

(e) **La juzgadora o el juzgador de hechos no tiene la obligación de decidir de acuerdo con las declaraciones de cualquier cantidad de testigos que no le convenzan contra un número menor u otra evidencia que le resulte más convincente.**

(f) **En los casos civiles, la decisión de la juzgadora o del juzgador se hará mediante la preponderancia de la prueba a base de criterios de probabilidad, a menos que exista disposición al contrario. En los casos criminales, la culpabilidad de la persona acusada debe ser establecida más allá de duda razonable.**

(g) **Cuando pareciere que una parte, teniendo disponible una prueba más firme y satisfactoria, ofrece una más débil y menos satisfactoria, la evidencia ofrecida deberá considerarse con sospecha.**

(h) **Cualquier hecho en controversia es susceptible de ser demostrado mediante evidencia directa o mediante evidencia indirecta o circunstancial. Evidencia directa es aquélla que prueba el hecho en controversia sin que medie inferencia o presunción alguna y que, de ser cierta, demuestra el hecho de modo concluyente. Evidencia indirecta o circunstancial es aquélla que tiende a demostrar el hecho en controversia probando otro distinto, del cual por si o, en unión a otros hechos ya establecidos, puede razonablemente inferirse el hecho en controversia.**

Sobre este particular, el profesor Ernesto Chiesa Aponte explica —en su análisis de la Regla 110(a) de Evidencia, *supra*— que si una parte no presenta prueba entonces prevalecerá la parte demandada. E. Chiesa Aponte, *Reglas de Evidencia Comentadas*, 1ra ed., San Juan, Ed. SITUM, 2016, pág. 48.

Cónsono con la normativa esbozada, conviene resaltar que, las meras alegaciones no constituyen prueba. *In re García Ortiz*, 187 DPR 507, 527 (2012). Así pues, la verdad jurídica que tiene que ser demostrada en el proceso adversativo adjudicativo. *OEG v. Martínez*

*Giraud*, 210 DPR 79, 105 (2022). Por tal motivo, "cuando se menciona el peso de la prueba en una acción judicial, se está refiriendo a la obligación de convencer al juzgador sobre la forma particular en que ocurrieron los hechos que se alegan". *Rivera Figueroa v. The Fuller Brush Co., supra,* pág. 913 (citando a R. Emmanuelli Jiménez, *Prontuario de derecho probatorio puertorriqueño,* 3ra ed., San Juan, Ed. SITUM, 2010, pág. 121).

### C. Deferencia judicial en etapa apelativa

En nuestro esquema procesal, la Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2, dispone que "[l]as determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de las personas testigos". A la luz de lo anterior, los tribunales apelativos no debemos intervenir con las determinaciones de hechos formuladas por los foros adjudicativos, salvo medie error manifiesto, pasión, prejuicio o parcialidad y, por ende, abuso de discreción. *Sucn. Mena Pamias et al. v. Meléndez,* 212 DPR 758, 774 (2023).

Esta normativa responde a que los jueces del foro primario se encuentran en mejor posición de aquilatar la prueba; por ello su apreciación merece gran respeto y deferencia por parte de los tribunales apelativos. *González Hernández v. González Hernández,* 181 DPR 746, 776 (2011). Además, "[d]espués de todo, el foro apelativo cuenta solamente con récords mudos e inexpresivos". *Rivera Torres v. Díaz López,* 207 DPR 636, 658 (2021).

No obstante, el foro apelativo ostenta la facultad de intervenir en las conclusiones de hechos cuando la apreciación de la prueba no represente el balance más racional, justiciero y jurídico de la totalidad de la prueba. *González Hernández v. González Hernández, supra,* pág. 777. Igual norma aplica a la evaluación de prueba

documental en cuyo caso estamos en idéntica posición que el juzgador de los hechos. *Trinidad v. Chade*, 153 DPR 280, 292 (2001). De no mediar estas instancias, entonces nos corresponde adoptar el estándar de deferencia judicial.

**III.**

En el presente recurso, la señora Pagán Vázquez señala que incidió el Tribunal de Primera Instancia al no conceder los remedios de desahucio y cobro de dinero, a pesar de que la parte apelada no presentó su contestación a la demanda ni sometió prueba del recibo que acreditara que efectuó el pago del canon de arrendamiento. Según discute la parte apelante, tal actuación constituyó una renuncia a cualquier defensa y un claro incumplimiento del Artículo 625 del Código de Enjuiciamiento Civil, *supra*. Por tanto, considera que el foro primario debió declarar *Ha Lugar* su reclamación judicial, y en su consecuencia, ordenar a la parte demandada a desalojar de la propiedad que ocupa.

Tras examinar sosegadamente el expediente ante nuestra consideración, determinamos que no incidió el Tribunal de Primera Instancia al declarar *No Ha Lugar* la *Demanda de Desahucio y Cobro de Dinero* instada por apelante. Evaluado el recurso apelativo, nos resulta evidente que la demandante no cumplió con el estándar probatorio requerido en los casos civiles para prevalecer en su contención.

En esa línea, contemplamos que la señora Pagán Vázquez fundamenta su señalamiento de error en el hecho de que la parte apelada no presentó su contestación a la demanda ni evidenció los pagos realizados por el arrendamiento. No obstante, en atención a ese argumento, el marco legal reseñado nos lleva a concluir que no le asiste la razón. Así pues, la apelante tenía que cumplir con el peso de la prueba en la acción de desahucio. Por tanto, no debió

descansar en sus alegaciones al dilucidar el caso, puesto que éstas no constituyen prueba.

Recordemos, pues, que nuestro estado de derecho vigente exige que, la verdad jurídica sea demostrada en el proceso adversativo adjudicativo mediante la presentación prueba correspondiente. Véase *Rivera Figueroa v. The Fuller Brush Co., supra*, pág. 913; *OEG v. Martínez Giraud, supra*, pág. 105. De conformidad con lo anterior, disponemos que el mero hecho de que la parte apelada no haya presentado su contestación a la demanda no implica que el foro primario concedería automáticamente el remedio solicitado. Advertimos que el único efecto que tiene no presentar dicha contestación es que las alegaciones de la demanda se consideren por admitidas. Véase *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1063 (2020). **Destacamos, sin embargo, que lo anterior no implica que tales alegaciones se entiendan probadas**. Por tanto, a la luz del Artículo 627 del Código de Enjuiciamiento Civil, la apelante debió presentar la prueba de los hechos funcionales de su reclamación.

Ante la ausencia de prueba para sostener las alegaciones contenidas en la *Demanda* en cuestión, nos vemos imposibilitados de revocar la decisión judicial apelada. Concluimos que la determinación impugnada no se aparta de los parámetros jurídicos previamente discutidos. Por consiguiente, somos deferente a la conclusión probatoria dictada por el foro primario, quien se se encuentra en mejor posición de aquilatar la prueba.[13]

En esa dirección resolvemos que no identificamos un escenario producto de error manifiesto, pasión, prejuicio, parcialidad o abuso de discreción, que nos motive a prescindir del

---

[13] Conviene reiterar que el foro *a quo* declaró *No Ha Lugar* la presente acción de desahucio por insuficiencia de la prueba. No obstante, no identificamos en el expediente ante nos una transcripción, una exposición estipulada o una exposición narrativa de la prueba, que nos coloque en posición para descartar las conclusiones de hechos formuladas por el Tribunal de Primera Instancia.

estándar de deferencia judicial. En vista de tales circunstancia, nos corresponde confirmar la *Sentencia* objeto de revisión judicial.

**IV.**

Por los fundamentos que anteceden, ***confirmamos*** la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones