Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| PABLO JUAN COLÓN PEDROSA OLGA IRIS COLÓN COLÓN<br><br>Demandantes-Apelantes<br><br>Vs.<br><br>MARIELA PADILLA ARROYO<br><br>Demandada-Apelada | KLAN202500458 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Orocovis<br><br>Caso Núm. OR2024CV00198<br><br>Sala: 001<br><br>Sobre: DESAHUCIO EN PRECARIO |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de junio de 2025.

Comparece la parte apelante compuesta por el señor Pablo Juan Colón Pedroza y la señora Olga Iris Colón Colón, solicitan la revisión de la sentencia emitida por el Tribunal de Primera Instancia, Sala de Orocovis. El foro primario desestimó la demanda de desahucio sumario promovida por la parte apelante por falta de parte indispensable.

Por los fundamentos que expondremos a continuación, desestimamos el presente recurso por falta de jurisdicción.

*-I-*

La parte apelante presentó la causa del epígrafe en contra de la ocupante de cierto bien inmueble del cual alegan ser dueños. Adujo que, a esa fecha, la parte apelada ocupaba el bien inmueble en cuestión de forma precaria, sin contrato de arrendamiento y sin pagar ninguna suma de dinero. Solicitó al tribunal de primera instancia que declarara ha lugar la demanda y le ordenara el desalojo. La parte demandada presentó una moción de desestimación en contra de la demanda. Alegó falta de parte

indispensable. En resumen, la parte demandada admitió que, la parte apelante es dueña del terreno, pero no del hogar donde habita sita en el terreno objeto del pleito. Aseveró que, la parte apelante autorizó al hijo de ellos y a ella a construir el hogar sobre su terreno. Al no incluir al hijo como codemandado, la parte demandada alegó que faltaba parte indispensable por lo que solicitó la desestimación de la causa de acción. El 21 de febrero de 2025, el tribunal apelado notificó sentencia mediante la cual desestimó la acción por falta de parte indispensable.

El 4 de marzo de 2025, la parte apelante presentó una moción de reconsideración sobre la sentencia emitida. El tribunal denegó la reconsideración solicitada el 6 de mayo de 2025. Todavía inconforme, el 22 de mayo de 2025 la parte apelante compareció ante este foro y solicitó la revocación de la sentencia. Prescindiendo de trámites ulteriores según autoriza la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 7(B)(5), procedemos a resolver la presente apelación.

*-II-*

*-A-*

El Art. 620 del Código de Enjuiciamiento Civil dispone que "[t]ienen acción para promover el juicio de desahucio los dueños de la finca, sus apoderados, los usufructuarios o cualquiera otro que tenga derecho a disfrutarla y sus causahabientes". 32 LPRA sec. 2821. El Art. 621, 32 LPRA sec. 2822, dispone que esta acción sumaria puede interponerse, entre otros, contra un precarista. El precarista es aquel que detenta la posesión material y disfruta de la propiedad de otro, sin título que justifique la posesión material y disfrute del inmueble, por tolerancia o por inadvertencia del dueño, *Diccionario de la Lengua Española, Real Academia Española,* 22ed., Madrid, Ed. Espasa Calpe, 2001, T.II, pág. 1817. El primer párrafo

del Art. 623 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2824, dispone:

> Se promoverá el juicio por medio de demanda redactada conforme a lo prescrito para el juicio ordinario por las Reglas de Procedimiento Civil y presentada aquélla, se mandará convocar al actor y al demandado para comparecencia que deberá celebrarse dentro de los diez (10) días siguientes a aquel en que se presente en la reclamación.

El desahucio es un procedimiento judicial disponible al dueño de un inmueble para recobrar su posesión. Se trata de un procedimiento reglamentado por los Artículos 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838. Responde al interés del Estado en atender expeditamente la reclamación del dueño de un inmueble, al que le han interrumpido los derechos a poseer y disfrutar su propiedad. El objetivo principal del desahucio es recuperar la posesión de hecho de un bien inmueble mediante el lanzamiento o la expulsión del arrendatario o precarista que lo detente sin pagar canon o merced alguna. El demandado podrá solicitar que el procedimiento se convierta en ordinario, en caso de que presente otras defensas afirmativas, en consideraciones de otras acciones en relacionadas con la acción de desahucio. *ATPR v. SLG Volmar Mathieu,* 196 DPR 5, 9-10 (2016).

El desahucio es "uno de los procedimientos más utilizados en nuestro país para reivindicar, mediante trámite y juicio sumario, la posesión y el disfrute de un inmueble". *Íd.*; *Turabo Ltd. Partnership v. Velardo Ortiz,* 130 DPR 226, 234-235 (1992). El proceso de desahucio protege la propiedad del arrendador, para que la posesión de la cosa otorgada a persona ajena vuelva a su dueño original. *Acosta et al. v. S.L.G. Ghigliotti,* 186 DPR 984, 1006 (2012) (Sentencia); pág. 1006 (*Opinión disidente del Sr. Rivera García*). Las sentencias emitidas como parte del procedimiento de desahucio sumario son apelables. *Adm. Vivienda Pública v. Vega*

*Martínez,* 200 DPR 235, 240 (2018). El Art 629 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2831, dispone que:

> Las apelaciones deberán interponerse en el término de cinco (5) días, contados desde la fecha de archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma o sus abogados.

### -B-

Un término jurisdiccional —contrario a uno de cumplimiento estricto— es **fatal, improrrogable e insubsanable,** rasgos que explican por qué no puede acortarse, como tampoco es susceptible de extenderse. *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000). Solamente los de cumplimiento estricto, no los jurisdiccionales, pueden eximirse por causa justificada oportunamente invocada. *Íd.*

Los tribunales están llamados a velar por su jurisdicción. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 234 (2014); *Cordero et al. v. ARPe et al.*, 187 DPR 445, 457 (2012). Por tal razón, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por éstas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015); *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012); *Constructora Estelar v. Aut. Edif. Púb.,* 183 DPR 1, 22 (2011); *Souffront v. A.A.A.,* 164 DPR 663, 674 (2005). Por ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. *Horizon v. Jta. Revisora, RA Holdings, supra,* págs. 233-234; *Cordero et al. v. ARPe et al., supra,* pág. 457; *Cruz Parrilla v. Depto. Vivienda,* 184 DPR 393, 403 (2012).

Es norma firmemente establecida que no tenemos discreción para asumir jurisdicción donde no la hay. *Horizon v. Jta. Revisora, RA Holdings, supra,* pág. 269. Por ello, la falta de jurisdicción no puede ser subsanada, ni el Tribunal puede arrogarse la jurisdicción que no tiene. *Fuentes Bonilla v. ELA*, 200 DPR 364, 372-373 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009); *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997); *Vázquez v. ARPe*, 128 DPR 513, 537 (1991).

Por otro lado, un recurso tardío, priva de jurisdicción al tribunal al cual se recurre. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501 (2019); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Su presentación carece de eficacia, por lo que no produce efecto jurídico alguno. Ello es así, puesto que, en el momento que fue presentado no había autoridad judicial para acogerlo. *Íd.* Así, un tribunal que carece de jurisdicción sólo tiene autoridad para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc., supra,* pág. 268.

### *-III-*

El Código de Enjuiciamiento Civil establece claramente un término jurisdiccional de **cinco días** para apelar la sentencia. Art. 629 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2831. Conforme surge del trámite procesal, el tribunal notificó la sentencia sumaria apelada el 21 de febrero de 2025. La parte apelante tenía hasta el 26 de febrero de 2025 para acudir ante este foro apelativo. Sin embargo, presentó el recurso el 22 de mayo de 2025, en exceso del plazo de cinco días dispuesto en nuestro ordenamiento legal. La moción de reconsideración fundamentada en la Regal 47 de Procedimiento Civil, 32 LPRA Ap. V. R.47, es incompatible con el carácter sumario de la causa del epígrafe. Esto, porque, permitir la presentación de una moción de reconsideración *post sentencia* proveería a las partes un término

mayor para solicitar reconsideración que el provisto para presentar un recurso de apelación. Nuestra interpretación está en armonía con la realizada por el Tribunal Supremo en *Medina Nazario vs. McNeil Healthcare, LLC.*, 194 DPR 723 (2016), sobre la inaplicabilidad de la figura de una reconsideración *interlocutoria* en un procedimiento sumario al amparo de la Ley Núm. 2 de 17 de octubre de 1961, Ley de Procedimiento Sumario de Reclamaciones Laborales.

En consecuencia, carecemos de jurisdicción para atender los méritos el recurso presentado. Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(1).

### *-IV-*

Por los fundamentos previamente expuestos, *desestimamos* la presente *Apelación* por falta de jurisdicción, por tardía.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones