ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ÁNGEL ÁLVAREZ, CAMALIA VALDÉS ÁLVAREZ y JULIA PIZÁ ÁLVAREZ<br><br>Apelados<br><br>v.<br><br>JOHNNY JUSINO<br><br>Apelante | KLAN202500489 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: K PE2015-3141 Salón: 504<br><br>Sobre: Desahucio |

Panel integrado por su presidente, el Juez Adames Soto,[1] el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico a 17 de junio de 2025.

Comparece el apelante, demandado en el TPI, de epígrafe, Johnny Jusino, mediante recurso de *apelación* impugnando cierta sentencia en su contra que fuera notificada y archivada en autos el 26 de marzo de 2025.

Dicha sentencia, *inter alia*, resuelve el desalojo de la propiedad al demandado apelante por rentas vencidas.

Por los fundamentos que explicaremos a continuación, desestimamos el recurso presentado por falta de jurisdicción, ya que el mismo es prematuro.

## II.

**A. El desahucio**

El desahucio es el procedimiento especial que tiene el dueño de una finca, sus apoderados, los

---

[1] Mediante Orden Administrativa OATA-2025-097 del 30 de mayo de 2025 se designa al Hon. Nery E. Adames Soto, ello debido a que, desde el 6 de mayo de 2025, el Hon. Félix R. Figueroa Cabán dejo de ejercer como Juez del Tribunal de Apelaciones.

usufructuarios u otra persona con derecho a disfrutarla, para recuperar la posesión de un inmueble. *Administración de Vivienda Pública p/c de su agente administrador FPC Crespo Group v. Joanie Vega Martínez*, 200 DPR 235 (2018). El objetivo del desahucio es devolverle la posesión de hecho de un inmueble al dueño mediante el lanzamiento del arrendatario o precarista que detenta la propiedad sin pagar el canon correspondiente. *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5 (2016). A su vez, el proceso correspondiente al desahucio sumario está reglamentado conforme lo dispuesto en los Artículos 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838.

En lo que corresponde a la controversia ante nos, la persona perjudicada por una orden de desahucio podrá apelar la determinación dentro del término jurisdiccional de cinco días. *ATPR v. SLG Volmar-Mathieu*, supra; Art. 629 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2831. Ahora bien, el Art. 630 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2832, establece que el recurso de apelación no se admitirá si la parte afectada por la orden de desahucio, no otorga fianza.[2] Dicha disposición especial no hace distinción alguna con relación al tipo de procedimiento de desahucio, **ya sea ordinario o sumario**, como tampoco hace distinción en cuanto a las partes o la etapa procesal en que se encuentre el procedimiento judicial. Como se

---

[2] La disposición legal establece lo siguiente:
No se admitirá al demandado el recurso de apelación si no otorga fianza, por el monto **que sea fijado por el tribunal**, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de apelación; pudiendo el demandado, cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en Secretaría el importe del precio de la deuda hasta la fecha de la sentencia. (Énfasis nuestro).

sabe, el término de treinta días fue rebajado mediante la Ley Núm. 86 de 5 de junio de 2011 con el propósito de agilizar los procedimientos de desahucio.

A esos fines, el Tribunal Supremo ha resuelto que la prestación de la fianza en apelación es de carácter jurisdiccional requerido por ley. *Crespo Quiñones v. Santiago Velázquez*, 176 DPR 408 (2009).

Por ello, el TPI debe fijar el monto de la fianza en la sentencia, o en su defecto, la parte afectada por el dictamen, deberá consignar la exención del pago de esta, para que el término de apelación comience a transcurrir y, así, el dictamen pueda advenir final y firme. Es decir, le corresponde al foro sentenciador atender este proceso de carácter jurisdiccional en la sentencia final. De no consignar el monto de la fianza, o en su defecto, la exención de esta, se considera que el dictamen carece de finalidad, por lo que los términos jurisdiccionales no empiezan a transcurrir. *ATPR v. SLG Volmar-Mathieu*, supra.

Por último, debemos destacar que el Artículo 234 del citado estatuto, dispone lo siguiente:

2835. Consignación de o fianza por cánones en apelación

> En las apelaciones interpuestas en juicios establecidos por falta del pago de canon estipulado, será deber del demandado consignar en la Secretaría del Tribunal de Primera Instancia el importe de todos y cada uno de los cánones de arrendamiento que vayan venciendo u otorgar fianza, a satisfacción del tribunal, para responder del importe de todos y cada uno de dichos arrendamientos. (citas omitidas)

### III.

En el caso que nos ocupa, el apelante interesa la revocación de una *Sentencia* emitida, en la cual, el foro

primario adjudicó, una causa de acción de desahucio y cobro de dinero, entre otras causas y defensas. Siendo así, nos corresponde auscultar, como un asunto de umbral, nuestra propia jurisdicción, para entretener los señalamientos de error traídos por el apelante, quien interesa la revocación del dictamen, mediante el cual el foro primario ordenó su desalojo del lugar arrendado. Como se sabe, el Tribunal Supremo ha sido enfático en que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. Por ello, es norma reiterada que las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 385 (2020); *JMG Investment, Inc. v. ELA*, 203 DPR 708, 714 (2019).

Con ello en mente, y tras examinar la totalidad del recurso ante nuestra consideración estamos obligados a desestimar el mismo, según presentado. Al revisar detenidamente el dictamen recurrido, no surge que el foro primario haya incluido referencia alguna sobre la imposición de una fianza de carácter jurisdiccional. Añádase a ello que, tampoco surge que el TPI haya requerido al demandado consignar el importe de cada uno de los cánones de arrendamiento que vencieran pendiente la apelación, conforme exige el Artículo 234 del Código de Enjuiciamiento Civil, *supra.*

Según la normativa antes expuesta, el procedimiento de desahucio recogido en esta ley especial establece el término jurisdiccional de cinco días para la revisión judicial, el cual no distingue entre un proceso sumario u ordinario. Además, el referido término comienza a transcurrir una vez el TPI establezca y notifique la

cuantía de la fianza. El estatuto dispone que será deber de la parte afectada por la orden de desahucio, por falta de pago de cánones de arrendamiento, consignar el importe de todos los cánones que vayan venciendo u otorgar fianza, a satisfacción del tribunal, para responder del importe de todos y cada uno de dichos arrendamientos. Véase Art. 634 del Código de Enjuiciamiento Civil, *supra*. Al examinar el dictamen recurrido nos resulta evidente que no surge referencia alguna a los requerimientos de índole jurisdiccional antes expuestos.

En su consecuencia, corresponde declararnos sin jurisdicción y devolver el caso al foro primario para que corrija este defecto de carácter jurisdiccional para así salvaguardar el derecho de las partes para acudir en revisión ante esta Curia. Ante ello, nuestra intervención, para revisar los méritos del dictamen recurrido, en esta etapa de los procedimientos, resulta prematura. Un recurso se considera prematuro cuando su presentación carece de eficacia y por ello no produce ningún efecto jurídico. Un recurso prematuro impide al Tribunal entrar a sus méritos por falta de jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 881 (2007); *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357 (2001). Ante ello, solo procede la inmediata desestimación del recurso apelativo. *Allied Management Group, Inc. v. Oriental Bank,* supra; Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*.

**IV.**

Por todo lo antes, desestimamos el *Recurso de Apelación* por falta de jurisdicción, devolvemos el caso al foro primario para que proceda conforme lo aquí

resuelto y ordenamos a la Secretaria del Tribunal de Apelaciones que proceda al desglose de los apéndices, cumpliendo las disposiciones del Reglamento de este Tribunal.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal. El Juez Adames Soto concurre sin voto escrito.


                    Lcda. Lilia M. Oquendo Solís
                 Secretaria del Tribunal de Apelaciones