EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Autoridad de Tierras de Puerto Rico<br><br>Recurrida<br><br>v.<br><br>Andrés Volmar Figueroa, Emillienne Mathieu Michel y la Sociedad Legal de Gananciales<br><br>Peticionarios | Certiorari<br><br>2016 TSPR 148<br><br>195 DPR ____ |

Número del Caso: CC-2015-1023

Fecha: 30 de junio de 2016

Tribunal de Apelaciones:

       Región Judicial de Bayamón, Panel VII

Abogado de las Partes Peticionarias:

       Lcdo. Juan C. Rivera Rodríguez

Abogado de la Parte Recurrida:

       Lcdo. Eduardo René Estades

Materia: Procedimiento sumario de desahucio – Consecuencia de que el Tribunal de Primera Instancia no fije la cuantía de la fianza en la sentencia como requisito jurisdiccional para perfeccionar el recurso de apelación.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Autoridad de Tierras de Puerto Rico | *Certiorari* |
| Recurrida | |
| v. | |
| Andrés Volmar Figueroa, Emillienne Mathieu Michel y la Sociedad Legal de Gananciales | CC-2015-1023 |
| Peticionarios | |

Opinión del Tribunal emitida por la Jueza Presidenta Oronoz Rodríguez

(Regla 50)

En San Juan, Puerto Rico, a 30 de junio de 2016.

Esta controversia nos da la oportunidad de interpretar ciertas disposiciones del procedimiento sumario de desahucio regulado por el Código de Enjuiciamiento Civil, *infra*. En específico, debemos resolver cuál es la consecuencia de que el Tribunal de Primera Instancia no incluya en la sentencia el monto de la fianza que debe prestar el demandado como requisito jurisdiccional para perfeccionar su recurso de apelación.

Por los fundamentos que pasamos a exponer concluimos que hasta tanto el Tribunal de Primera Instancia no fije en la sentencia el monto de la fianza, la sentencia carece de finalidad y, por ende, el término jurisdiccional de cinco días para presentar la apelación no empieza a transcurrir. Veamos.

I

En el año 1999 la Autoridad de Tierras de Puerto Rico (recurrida) pactó un contrato de arrendamiento con el Sr. Andrés Volmar Figueroa y la Sra. Emilienne Mathieu Michel (peticionarios). En particular, la recurrida les arrendó unos terrenos agrícolas ubicados en la Finca Cibuco en el Municipio de Vega Baja. Dicho contrato tendría una vigencia de quince años, retroactivo al 1994 y con fecha de vencimiento el 1 de enero de 2009.

Varios años después, el 18 de agosto de 2015, la recurrida presentó una demanda de desahucio contra los peticionarios y alegó que tras el vencimiento del contrato éstos habían continuado en posesión de los terrenos sin tener derecho a ello. Solicitó, pues, que se ordenara el lanzamiento y se les condenara a pagar $100,413.44 en concepto de cánones de arrendamiento adeudados.

Los peticionarios contestaron la demanda y negaron las alegaciones. Presentaron, además, una reconvención en la que sostuvieron que la recurrida incumplió el contrato de arrendamiento al interferir previamente con su derecho

al goce pacífico del inmueble. Asimismo, solicitaron la desestimación de la demanda o, en la alternativa, la conversión del proceso sumario de desahucio a uno ordinario.[1]

El 25 de septiembre de 2015 se celebró la vista en los méritos y el 7 de octubre de 2015 el Tribunal de Primera Instancia dictó una sentencia -notificada el mismo día- en la que declaró con lugar la demanda de desahucio.[2] En consecuencia, decretó el desahucio y condenó a los peticionarios a pagar la suma de $102,234.69 en concepto de cánones atrasados.[3]

Inconformes, los peticionarios apelaron al Tribunal de Apelaciones dentro del plazo de cinco días que dispone el Art. 629 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2831. Entre otros, señalaron como errores que no se hubiera convertido el procedimiento a uno ordinario, así como la admisión de cierta evidencia durante la celebración de la vista en los méritos. Por su parte, la recurrida solicitó la desestimación del recurso de apelación y adujo que el foro intermedio no tenía jurisdicción pues los peticionarios no habían prestado la

---

[1] Los peticionarios alegaron que la recurrida no siguió las disposiciones de uno de sus reglamentos internos que requiere ciertos trámites previos a la interposición de una demanda de desahucio. Alegaron también que existían controversias entre las partes que impedían la resolución del caso por la vía sumaria.

[2] El Tribunal de Primera Instancia desestimó la reconvención y declaró sin lugar la *Moción de desestimación y/o solicitud de conversión a trámite ordinario*.

[3] También los condenó a pagar $2,000.00 en concepto de honorarios de abogado, más las costas y gastos del proceso.

fianza requerida por el Art. 630 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2832.

Los peticionarios replicaron y sostuvieron que no prestaron la fianza debido a que el Tribunal de Primera Instancia no la impuso en la sentencia por considerarlos insolventes y eximirlos de ese requisito. No obstante, el tribunal *a quo* desestimó la apelación tras concluir que los peticionarios incumplieron con el requisito jurisdiccional de otorgar la fianza en apelación, sin que el foro de primera instancia los eximiera y sin que el alegado estado de insolvencia surgiera del expediente.[4]

En desacuerdo, los peticionarios acudieron a este Tribunal mediante un recurso de *Certiorari civil* y señalaron como único error que el Tribunal de Apelaciones desestimara la apelación a pesar de que el Tribunal de Primera Instancia "relevó al peticionario de dicho requisito obviando la imposición de una fianza".[5] Atendido el recurso, le concedimos un término a la recurrida para que mostrara causa por la cual no debíamos dejar sin efecto la determinación del foro intermedio de declararse sin jurisdicción. Cumplida nuestra orden, procedemos a expedir el recurso y disponer de esta controversia al amparo de la Regla 50 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 50.

---

[4] Esta sentencia se dictó el 18 de noviembre de 2015 y se notificó el 11 de diciembre de 2015.

[5] *Certiorari civil*, pág. 8. Este recurso se presentó el 16 de diciembre de 2015. También se presentó una moción en auxilio de jurisdicción que se declaró sin lugar.

II

El desahucio sumario es un procedimiento reglamentado por los Artículos 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838, que responde al interés del Estado en atender rápidamente la reclamación del dueño de un inmueble que ve interrumpido el derecho a poseer y disfrutar de su propiedad. Turabo Ltd. Partnership v. Velardo Ortiz, 130 DPR 226, 234-235 (1992); Mora Dev. Corp. v. Sandín, 118 DPR 733, 749 (1987). Así, el objetivo de esta acción especial es recuperar la posesión de hecho de un bien inmueble mediante el lanzamiento o expulsión del arrendatario o precarista que lo detente sin pagar canon o merced alguna. Fernández & Hno. V. Pérez, 79 DPR 244 (1956).

Puesto que lo único que se busca recobrar es la posesión, en reiteradas ocasiones hemos dicho que en la acción sumaria debe limitarse la concurrencia o consolidación de otras acciones o defensas.[6] Por ello cuando el demandado presenta otras defensas afirmativas relacionadas con la acción de desahucio, éste puede solicitar que el procedimiento se convierta al trámite ordinario. Jiménez v. Reyes, 146 DPR 657 (1998); Mora Dev. Corp. v. Sandín, supra, págs. 747-748. En tal caso, la

---

[6] No obstante, el Art. 627 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2829, dispone que en los casos en que la demanda se base en la falta de pago del canon o precio convenido, el tribunal podrá "permitir la acumulación de una reclamación en cobro de dinero, fundamentada en la falta de pago del canon o precio en que se base la reclamación de desahucio, con esta última en el mismo procedimiento judicial sobre desahucio...".

reclamación estará sujeta a las reglas de la litigación civil ordinaria, excluyendo la legislación especial que reglamenta el desahucio sumario y sus restringidos plazos y condiciones.

En lo pertinente a la controversia de autos, el Art. 629 del Código de Enjuiciamiento Civil, supra, establece un término jurisdiccional de cinco días para que la parte perjudicada por la sentencia de desahucio presente un recurso de apelación.[7] Este recurso sólo se perfecciona si dentro del referido término el demandado presta una fianza por el monto que sea fijado por el Tribunal de Primera Instancia:

> No se admitirá al demandado el recurso de apelación si no otorga fianza, **por el monto que sea fijado por el tribunal**, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de apelación; pudiendo el demandado, cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en Secretaría el importe del precio de la deuda hasta la fecha de la sentencia. Art. 630 del Código de Enjuiciamiento Civil, supra. (Énfasis suplido).

Asimismo, el Art. 631 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2835, dispone que cuando la acción de desahucio esté fundamentada en la falta de pago "será deber del demandado consignar en la Secretaría del Tribunal de Primera Instancia el importe de todos y cada uno de los cánones de arrendamiento que vayan venciendo **u**

---

[7] "Las apelaciones deberán interponerse en el término de cinco (5) días, contados desde la fecha de archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma o sus abogados". 32 LPRA sec. 2831.

**otorgar fianza, a satisfacción del tribunal,** para responder del importe de todos y cada uno de dichos arrendamientos". (Énfasis suplido).[8]

Respecto a la importancia de que el foro de primera instancia cumpla la obligación de fijar la cuantía de modo que el demandado pueda ejercer su derecho a apelar, hemos establecido que:

> De acuerdo con lo que dispone el Código de Enjuiciamiento Civil, en los casos de desahucio el demandado tiene que **prestar una fianza como requisito para presentar su recurso de apelación** de la sentencia que se dictó en su contra. [...] **El requisito que obliga a un demandado a prestar una fianza en apelación es jurisdiccional** en todo tipo de pleito de desahucio, aun si no se funda en la falta de pago. La razón es obvia: la fianza no existe para garantizar únicamente los pagos adeudados, sino también los daños resultantes de mantener congelado el libre uso de la propiedad mientras se dilucida la apelación. **"Lo anterior aconseja que sea el Tribunal de Primera Instancia el foro que fije la fianza, como paso previo y jurisdiccional a la radicación del recurso de apelación".** Crespo Quiñones v. Santiago Velázquez, 176 DPR 408, 413-414 (2009). (Citando de la Exposición de Motivos de la Ley Núm. 378-2000.) (Énfasis suplido.)

El deber del Tribunal de Primera Instancia de fijar la fianza en apelación quedó establecido con la aprobación de la La Ley Núm. 378-2000, la cual enmendó el Art. 630

---

[8] Aunque el demandado puede perfeccionar su recurso de apelación consignando los cánones adeudados en el Tribunal de Primera Instancia, los Artículos 630 y 631, supra, le dan la opción de, a su conveniencia, elegir entre la consignación de la deuda o la prestación de la fianza, cuyo monto deberá ser fijado por el tribunal para que el demandado pueda ejercer su derecho a apelar. Por otro lado, valga añadir que este Tribunal, al examinar ambos Artículos, ha resuelto que deben interpretarse en conjunto como requiriendo la prestación de una sola fianza y no dos fianzas separadas. Pratts v. Corte, 66 DPR 3 (1946).

del Código de Enjuiciamiento Civil, _supra_, para disponer que sea ese tribunal, y no el Tribunal de Apelaciones, quien determine la cuantía. Ello, pues es ante el foro de primera instancia que desfila la prueba necesaria para evaluar de forma más completa y precisa el posible daño que se busca cubrir. _Véase_, Exposición de Motivos de la Ley Núm. 378-2000.[9]

Aunque la prestación de fianza es un requisito jurisdiccional para apelar la sentencia de desahucio, hemos reconocido como excepción los casos en que el Tribunal de Primera Instancia declara al demandado insolvente. Bucaré Management v. Arriaga García, 125 DPR 153, 158-159 (1990). En tales casos estará exento de otorgar fianza pues su condición económica le impide cumplir con ese requisito. Esto, de conformidad con el interés del Estado en garantizar el acceso a los tribunales. Crespo Quiñones v. Santiago Velázquez, _supra_, pág. 414.

---

[9] La Exposición de Motivos, en lo pertinente, dice que

> [l]o anterior aconseja que sea el Tribunal de Primera Instancia el foro que fije la fianza, como paso previo y jurisdiccional a la radicación del recurso de apelación. Ese Tribunal puede hacerlo con facilidad al emitir sentencia o dentro del término para apelar, a base de la prueba presentada durante la vista en su fondo o en una vista de fijación de fianza

No obstante, hay que tener presente que estas expresiones, en lo que atañe a la posibilidad de celebrar una vista de fijación de fianza dentro del término para apelar, fueron hechas bajo un estado de derecho en el que el término para apelar era de treinta días y no de cinco, como lo es ahora.

III

Como vimos, el Código de Enjuiciamiento Civil le impone al Tribunal de Primera Instancia la obligación de fijar la fianza que el demandado debe prestar como requisito para perfeccionar el recurso de apelación. Así surge de los Artículos 630 y 631 del Código de Enjuiciamiento Civil, supra, los cuales fueron enmendados para disponer expresamente que sea el foro de primera instancia, por encontrarse en mejor posición para ello, quien establezca la cuantía.[10]

En vista de que se ha reconocido estatutariamente el derecho del demandado a apelar la sentencia sujeto a que presente la apelación en cinco días y otorgue una fianza, el Tribunal de Primera Instancia tiene que dar cumplimiento oportuno a su deber de fijar el monto de ésta. De lo contrario no sólo se privaría al demandado de ejercer un derecho reconocido por ley, sino que además se incidiría en la facultad del foro intermedio para revisar la sentencia.

Asimismo, hay que tomar en cuenta que una vez el Art. 628 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2830, hizo disponible el recurso de apelación, éste entró a formar parte del debido proceso de ley y el Estado está obligado a garantizarlo. Por eso, el procedimiento apelativo en las acciones de desahucio debe estar diseñado

---

[10] Véase Exposición de Motivos de la Ley Núm. 378-2000 y el Art. 9 de la Ley Núm. 129-2007. Véase también el Informe Positivo sobre el P. del. S. 428, rendido por la Cámara de Representantes, págs. 4-5.

de forma que no afecte el ejercicio de ese derecho. Esto requiere, pues, que los requisitos especiales del procedimiento sumario protejan no sólo el interés del dueño en recuperar rápidamente la posesión del inmueble, sino también el derecho del demandado a tener un procedimiento justo conforme al debido proceso de ley.[11]

Según está diseñado actualmente ese proceso, el demandado tiene cinco días jurisdiccionales para presentar el recurso de apelación y prestar la fianza. Esto significa que si el Tribunal de Primera Instancia no incluye la cuantía en la sentencia, el demandado tendrá que solicitar que así se haga, el tribunal establecerla o celebrar una vista para evaluarla, y posteriormente otorgar el demandado la fianza que se determine. Todo eso dentro del término fatal de cinco días, en el que, además, el demandado deberá presentar el recurso de apelación luego de prestar la fianza.

Es evidente que este procedimiento presenta un problema de diseño cuando el monto de la fianza no se

---

[11] Así lo reconoció la Comisión de lo Jurídico Civil del Senado en su Informe Positivo sobre el P. del S. 1776 (eventual Ley Núm. 86-2011) el cual, con el propósito de agilizar el procedimiento de desahucio, enmendó el Art. 629 del Código de Enjuiciamiento Civil, supra, y redujo el término para apelar la sentencia de treinta días a cinco días. La Comisión concluyó que

> [l]as enmiendas propuestas en el Proyecto del Senado 1776, tienen como propósito el acortar los términos para el procedimiento de desahucio con el fin de propiciar el desarrollo del mercado de arrendamiento de viviendas y salvaguardar el derecho propietario de los arrendadores sin menoscabar el derecho al debido procedimiento de ley al demandado. Informe Positivo sobre el P. del S. 1776, Comisión de lo Jurídico Civil del Senado de Puerto Rico, pág. 4.

establece en la sentencia. Ello, pues sujeta el derecho a apelar a la condición de que se realicen diversos trámites de forma sucesiva -algunos de los cuales están fuera del control del demandado- en el corto plazo de cinco días. La consecuencia es que, *de facto*, en muchos casos el derecho a apelar queda anulado. Esto no sólo es contrario a lo dispuesto en el Código de Enjuiciamiento Civil, sino que impide que pueda corregirse cualquier error que se haya cometido durante el trámite sumario en primera instancia.

Por lo tanto, el Tribunal de Primera Instancia deberá fijar en la sentencia que emita el monto de la fianza que el demandado debe otorgar si interesa apelar al foro intermedio.[12] Esto no representa mayor dificultad pues al celebrar el juicio de desahucio el tribunal podrá requerir la prueba que necesite para evaluar los posibles daños a ser cubiertos por la fianza. De esta forma se logra un balance más justo entre los derechos de ambas partes, de conformidad con el trámite expedito que caracteriza a este procedimiento y con el debido proceso de ley.

Así, el efecto de que el tribunal no fije el monto de la fianza en la sentencia es que ésta no será final debido a la falta de un elemento fundamental requerido por ley. En consecuencia, careciendo de finalidad el término jurisdiccional de cinco días para apelar no empieza a transcurrir hasta que el Tribunal de Primera Instancia

---

[12] De otra parte, si el Tribunal de Primera Instancia concluye que el demandado se encuentra en un estado de insolvencia y lo exime de prestar fianza, así deberá decirlo en la sentencia.

establezca la cuantía o, en la alternativa, exima al demandado de tener que prestar la fianza.

En el caso de autos el Tribunal de Primera Instancia celebró el juicio sumario y dictó una sentencia en la que decretó el desahucio de los peticionarios ordenándoles a pagar la suma de $102,234.69 en concepto de cánones de arrendamiento.[13] Empero, nada dispuso respecto al monto de la fianza que éstos tendrían que otorgar en caso de apelar la sentencia. Por esa razón los peticionarios, aunque apelaron oportunamente al foro intermedio, no prestaron fianza pues entendieron que el Tribunal de Primera Instancia les había eximido. No obstante, el Tribunal de Apelaciones se declaró sin jurisdicción y desestimó la apelación por no haberse cumplido ese requisito.

En atención a los fundamentos de esta Opinión debemos concluir que la sentencia del Tribunal de Primera Instancia no era susceptible de apelación pues carecía de un elemento fundamental, a saber, la cuantía que los peticionarios debían prestar como fianza o una determinación de insolvencia. Por eso el Tribunal de Apelaciones, al declararse sin jurisdicción, debió devolver el caso al foro de primera instancia para que éste incluyera en la sentencia el monto de la fianza o hiciera la referida determinación. No habiendo sucedido

---

[13] Mientras la controversia se encontraba pendiente ante nuestra consideración, la recurrida compareció e informó que decidió desistir sin perjuicio de la causa de acción de cobro de dinero, mas no así de la causa de acción por desahucio.

así, se le ordena al Tribunal de Primera Instancia a enmendar la sentencia y fijar la fianza o, en la alternativa, determinar si los peticionarios están exentos de prestarla debido a su insolvencia. El término jurisdiccional para apelar no comenzará a transcurrir hasta tanto el foro primario cumpla con lo anterior y archive en autos copia de la notificación de la sentencia enmendada.

IV

Por los fundamentos que anteceden, se expide el *Certiorari civil* al amparo de la Regla 50 de este Tribunal, <u>supra</u>, y se confirma la sentencia del Tribunal de Apelaciones por otros fundamentos. Se devuelve el caso al Tribunal de Primera Instancia para que enmiende la sentencia de autos de conformidad con lo expuesto en esta Opinión.


                              Maite D. Oronoz Rodríguez
                              Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Autoridad de Tierras de Puerto Rico<br><br>    Recurrida<br><br>            v.<br><br>Andrés Volmar Figueroa, Emillienne Mathieu Michel y la Sociedad Legal de Gananciales<br><br>    Peticionarios | *Certiorari*<br><br><br><br>CC-2015-1023 |

SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2016.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se expide el *Certiorari civil* al amparo de la Regla 50 de este Tribunal, <u>supra</u>, y se confirma la sentencia del Tribunal de Apelaciones por otros fundamentos. Se devuelve el caso al Tribunal de Primera Instancia para que enmiende la sentencia de autos de conformidad con lo expuesto en esta Opinión.

Así lo pronunció y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco concurre sin Opinión escrita.

El Juez Asociado señor Rivera García concurre con el resultado y hace constar la siguiente expresión a la cual se unió la Jueza Asociada señora Pabón Charneco:

"Estoy de acuerdo con el resultado alcanzado en la presente Opinión dado a las circunstancias particulares que suscitaron la controversia que hoy atendemos. Sin embargo entiendo que la Opinión carece de esa noción básica y práctica que se da en nuestros tribunales primarios en procesos tan comunes como el de desahucio, en la medida que brinda espacio para que una sentencia carezca de finalidad por un tiempo indeterminado. Esto claramente iría en contra del propósito legislativo de establecer un término expedito en este tipo de casos. Me explico.

Según surge de la Opinión, el término jurisdiccional de cinco días que establece el Código de Enjuiciamiento Civil para presentar un recurso de apelación en casos de desahucio no comenzará a transcurrir hasta tanto el Tribunal de Primera Instancia establezca en la sentencia la cuantía de la correspondiente fianza o exima al demandado de su prestación. Ante ello, podríamos tener una sentencia no final y sujeta a revisión por tiempo indeterminado, a pesar de la clara intención del legislador de estructurar un andamiaje legal que propicie no tan solo los trámites cortos y expeditos, sino la finalidad de los dictámenes. Ciertamente, esa intención legislativa hay que balancearla con el reconocimiento *efectivo* del derecho que le asiste a la parte demandada de poder acceder al recurso de apelación que expresamente dispone nuestra legislación. En ese sentido, coincido con la idea que subyace en la Opinión de que constituiría una clara violación al debido proceso de ley el que una parte no pueda apelar un dictamen desfavorable por una omisión del propio tribunal.

Ahora bien, alcanzado ese punto común, entiendo que nuestra Opinión debió ir un poco más allá en ánimo de lograr ese balance entre el interés del legislador de promover procesos expeditos y el derecho de la parte de acceder a los procesos de apelación. En ese ánimo, ¿no hubiese sido conveniente que procuráramos mediante nuestras expresiones que la parte demandada que, en efecto, interese apelar sea proactiva y traiga oportunamente a la atención del tribunal su omisión? Note que aun partiendo de la premisa lógica de que la parte demandante y promovente del proceso de desahucio tendrá interés de lograr la finalidad de la sentencia a su favor y, por ende, procurará que ésta cumpla

con todos los requisitos, este Tribunal no debió establecer, sin más, que una sentencia carecerá de finalidad hasta tanto no se incluya el asunto de la fianza. Si vamos a resolver sobre esa falta de finalidad – con lo cual claramente coincidió en este caso – debimos establecer entonces el deber de la parte que interese apelar de poner oportunamente en posición al tribunal de corregir su omisión.

En esa línea, entiendo que la Opinión debió incluir un lenguaje como el siguiente:

> **La parte demandada no podrá descansar en el hecho de que el tribunal haya omitido su deber de establecer una fianza o de exponer claramente que lo eximió del pago de ésta. Por lo tanto, una vez el demandado que interese apelar reciba la sentencia que omite establecer el asunto de la fianza, éste deberá acudir al tribunal dentro de un término de cinco días a partir de la notificación de la sentencia y solicitar su corrección, de manera que el foro primario enmiende el dictamen. Una vez el Tribunal de Primera Instancia notifique la sentencia enmendada que incluya la cuantía de la fianza o su exención, entonces comienza a transcurrir el término de apelación de cinco días que establece el Código de Enjuiciamiento Civil.**

Entiendo que incluir un lenguaje como el que antecede hubiese propiciado no tan solo que se salvaguarde el derecho de la parte de acudir en revisión al Tribunal de Apelaciones, sino también el interés de la Asamblea Legislativa de lograr la pronta finalidad de los procesos de desahucio, dentro de los mismos parámetros de nuestra legislación vigente."

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo