| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL III | | |
| SUCESIÓN DE CARMEN LUZ JORDÁN MANZANO, REPRESENTADA POR LA ALBACEA, KEYLA M. ORTEGA CASALS<br><br>Parte Apelada<br><br>v.<br><br>CARLA COLÓN JORDÁN<br><br>Parte Apelante | KLAN202300570 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Civil núm.: GR2020CV00237<br><br>Sobre: DESAHUCIO; ACCIÓN REIVINDICATORIA |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Grana Martínez y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 31 de julio de 2023.

La señora Carla Colón Jordán (Sra. Colón) compareció mediante recurso de apelación incoado el 30 de junio de 2023. Solicita que revoquemos la *Sentencia* emitida el 30 de mayo de 2023, y notificada el 31 de mayo de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de Caguas. Mediante el referido dictamen, el TPI declaró con lugar la demanda de desahucio sumario instada por la parte apelada, Sucesión de Carmen Luz Jordán Manzano, representada por la albacea, Keyla M. Ortega Casals (parte apelada), y decretó el desahucio de la Sra. Colón.

La parte apelada compareció mediante *Moción de Desestimación por Falta de Jurisdicción.* En síntesis, solicitó la desestimación del recurso por haberse presentado de manera tardía y sin que la Sra. Colón pagara la fianza en apelación de la sentencia que ordenó su desahucio.

Por los fundamentos que expondremos a continuación, desestimamos el recurso por falta de jurisdicción, toda vez que carecemos de jurisdicción para atenderlo en sus méritos.

Número Identificador
SEN2023_____

El Artículo 629 del Código de Enjuiciamiento Civil[1] establece un término de cinco (5) días a partir de la fecha del archivo en autos de copia de la notificación de la sentencia para apelar las determinaciones de desahucio emitidas por los tribunales de primera instancia.

Asimismo, de acuerdo con los Artículos 630 y 631 del Código de Enjuiciamiento Civil[2], en los casos de desahucio, el apelante tiene que consignar la fianza que fije el Tribunal de Primera Instancia como requisito para presentar recurso de apelación de la sentencia que se dictó en su contra. "El requisito que obliga [al apelante] a prestar una fianza en apelación es jurisdiccional en todo tipo de pleito de desahucio, aún si no se funda en la falta de pago".[3]

El efecto de que el tribunal no fije el monto de la fianza en la sentencia emitida en un procedimiento de desahucio es que ésta no será final debido a la falta de un elemento fundamental requerido por ley. Careciendo de finalidad, el término jurisdiccional de cinco (5) días para apelar dispuesto en el Art. 629 del Código de Enjuiciamiento Civil, *supra,* no empieza a transcurrir hasta que el Tribunal de Primera Instancia establezca la cuantía o, en la alternativa, exima al apelante del requisito de consignar la fianza.[4]

En el presente caso, el 31 de mayo de 2023, el TPI notificó la sentencia en la que advirtió a las partes sobre su derecho a presentar un escrito de apelación dentro del término dispuesto en el Art. 629 del Código de Enjuiciamiento Civil – cinco (5) días a partir de la fecha del archivo en autos de copia de la notificación de la sentencia- y la necesidad de prestar una fianza de cien dólares ($100.00) como requisito previo para presentar el recurso de apelación.

---

[1] 32 LPRA sec. 2831.
[2] 32 LPRA secs. 2832 y 2835.
[3] *ATPR v. SLG Volmar-Mathieu,* 196 DPR 5, 11 (2016), que cita a *Crespo Quiñones v. Santiago Velázquez,* 176 DPR 408, 413-414 (2009).
[4] *ATPR v. SLG Volmar-Mathieu,* supra, pág. 15.

La apelación se presentó el 30 de junio de 2023. Así pues, surge claramente que ésta se incoó tardíamente. Además, del examen del recurso ante nuestra consideración, no surge que la Sra. Colón haya presentado fianza alguna en apelación de la sentencia que ordenó su desahucio.

Siendo así, este Tribunal carece de la autoridad legal para considerar los méritos de este recurso; por lo cual, lo único que procede es su desestimación.[5] Por tanto, y conforme a lo dispuesto en la Reglas 83 (B) (1) del Reglamento de este Tribunal de Apelaciones[6], este Tribunal desestima la apelación por falta de jurisdicción.

**Notifíquese inmediatamente.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[5] *FCPR v. ELA,* 2023 TSPR 26, 211 DPR ___ (2023); *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).
[6] 4 LPRA Ap. XXII-B, R. 83 (B) (1).