ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X
(DJ2024-062C)

| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO, ADMINISTRACIÓN DE VIVIENDA PÚBLICA p/c SP MANAGEMENT CORP., <br><br> Apelada, <br><br> v. <br><br> JUANA CONCEPCIÓN WILLIAMS, <br><br> Apelante. | TA2025AP00141 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de San Juan. <br><br> Civil núm.: SJ2025CV05318. <br><br> Sobre: desahucio por falta de pago. |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 5 de septiembre de 2025.

La señora Juana Concepción Williams (señora Concepción) presentó su recurso de apelación el 16 de julio de 2025. Nos solicita que revisemos y revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia el 8 de julio de 2025, notificada al día siguiente. Mediante el referido dictamen el foro a *quo* declaró con lugar la demanda de desahucio instada por el Estado Libre Asociado de Puerto Rico y la Administración de Vivienda Pública, por conducto de SP Management Corp.

En su consecuencia, el Tribunal de Primera Instancia ordenó a la señora Concepción a desalojar su residencia, ubicada en el Apt. 962, Edif. 48, Residencial Luis Llorens Torres, Sector El Medio de San Juan, y a pagar $150.00 por concepto de costas, gastos y honorarios de abogado. Además, ordenó que se notificara copia de la sentencia al Departamento de la Vivienda y al Departamento de la Familia. Estas entidades debían presentar un informe, en el término improrrogable de treinta (30) días, sobre las ayudas a las que la señora Concepción tenga derecho, y cuáles habrán de proveerle. Finalmente, advirtió que en el apartamento residen menores

de edad, por lo que no podría efectuarse el lanzamiento sin la presencia de funcionarios de las agencias mencionadas[1].

Por los fundamentos que exponemos a continuación, **confirmamos** la *Sentencia* apelada.

I

El 13 de junio de 2025, SP Management Corp. (SP), por sí, en su capacidad de administradora del Residencial Luis Llorens Torres de San Juan, y en representación de la Administración de Vivienda Pública del Estado Libre Asociado de Puerto Rico (AVP), presentó una acción de desahucio por falta de pago contra la señora Concepción[2]. Adujo que estaba autorizada a presentar la referida demanda mediante la dispensa del Secretario de Justicia Núm. 02-88-16 del 30 de octubre de 1992, y al amparo del Art. 620 del Código de Enjuiciamiento Civil de Puerto Rico, 32 LPRA sec. 2821.

En lo pertinente, alegó que la señora Concepción era arrendataria del Edif. 48, Apto. 962, del mencionado residencial; que tenía una renta asignada de $136.00 mensuales, computada a partir de su ingreso; y que, al 1 de junio de 2025, adeudaba $3,655.00. Aunque no especificó ninguna, sostuvo que todas las gestiones realizadas para lograr que la señora Concepción cumpliera con su obligación contractual habían resultado infructuosas.

El 29 de junio de 2025, SP presentó una moción informativa para anunciar la prueba que sería presentada durante la vista de desahucio pautada para el 30 de junio de 2025.

El 30 de junio de 2025, la señora Concepción presentó una moción de desestimación[3]. En ella, expuso su situación económica. En particular, resaltó que su único ingreso era la pensión alimentaria para beneficio de sus tres hijos, quienes padecen condiciones de salud complejas y conviven

---

[1] En su *Sentencia*, el foro primario eximió a la señora Concepción del depósito de la fianza en apelación, dada su probada indigencia.

[2] *Véase*, apéndice del recurso, entrada núm. 1, SUMAC TA.

[3] *Íd.*, a la entrada núm. 11, SUMAC TA.

con ella. En cuanto al cobro de la pensión alimentaria, adujo que, a pesar de sus gestiones afirmativas para cobrarla, su recibo no ha sido consecuente.

En cuanto al fundamento para solicitar la desestimación, resaltó que en varias ocasiones se había presentado demandas de desahucio en su contra y que el SP había desistido de ellas. En particular, reseñó que, allá para el 25 de septiembre del 2019, se había presentado una demanda de desahucio por incumplimiento de pago. No obstante, luego de que se planteara el impedimento de esta para poder pagar, las partes del título llegaron a un acuerdo, el cual fue acogido por el tribunal[4].

De igual forma, la señora Concepción expuso que, el 22 de octubre de 2024, el SP presentó otra demanda de desahucio por incumplimiento de pago; en esta ocasión, por una deuda ascendente a \$2,839.00, al 1 de octubre de 2024[5]. Finalmente, relató que, cinco meses después, SP presentó una nueva demanda de desahucio, de la cual SP desistió 8 días más tarde, mediante un aviso de desistimiento voluntario[6].

En la demanda de desahucio que nos atañe, la vista de desahucio inició el 30 de junio de 2025[7]. Según surge de la minuta, luego de otorgar a las partes un breve receso para auscultar la posibilidad de un acuerdo transaccional, al cual no llegaron, el Tribunal de Primera Instancia declaró sin lugar la moción de desestimación presentada por la señora Concepción. Luego, por asuntos de calendario, se señaló la continuación de los procedimientos para el 7 de julio de 2025.

---

[4] El referido acuerdo establecía, entre otras cosas, un canon mensual de \$6.00 mensuales, fijado luego de una recertificación, un plan de pago a ser completado para noviembre del 2019, y el compromiso de la señora Concepción de informar si se regularizaba el pago de la pensión alimentaria. El número de caso en SUMAC es el SJ2019CV10201.

[5] El número de caso en SUMAC es el SJ2024CV09752. En esta ocasión, surge que, el 30 de octubre de 2024, SP presentó un aviso de desistimiento voluntario y el Tribunal de Primera Instancia lo acogió mediante sentencia, emitida en la misma fecha, y notificada al día siguiente.

[6] El número de caso en SUMAC es el SJ2025CV02224. Se trata de la demanda de desahucio por falta de pago presentada por la AVP. En aquel momento, se reclamaba la cantidad de \$3,655.00, adeudada al 1 de marzo de 2025. La AVP presentó un aviso de desistimiento voluntario el 1 de abril de 2025. Al día siguiente, el Tribunal de Primera Instancia notificó a las partes una sentencia mediante la cual ordenó el cierre y archivo **sin perjuicio** de la demanda incoada.

[7] *Véase*, apéndice del recurso, entrada núm. 15 de SUMAC TA.

El 6 de julio de 2025, la señora Concepción presentó su contestación a la demanda[8]. Esta contenía, entre sus defensas afirmativas, otra solicitud de desestimación. En esta ocasión, arguyó que la AVP había violentado su derecho a un debido proceso de ley. En específico, se refirió al deber de notificación de la terminación de un contrato contenido en el *Código de Regulaciones Federales* (CFR, por sus siglas en inglés) y en el *Reglamento de política de admisión y ocupación continuada*, Reglamento Núm. 9667 del 10 de abril de 2025, de la Administración de Vivienda Pública (Reglamento Núm. 9667), vigente al momento de la presentación de la demanda.

Tras la celebración de la vista, el 8 de julio de 2025, el Tribunal de Primera Instancia emitió la sentencia apelada[9]. Tras consignar sus determinaciones de hechos, el foro *a quo* declaró con lugar la demanda de desahucio. Ello, al amparo del Reglamento Núm. 8624 del 31 de julio de 2015, *Reglamento sobre las políticas de admisión y ocupación continuada en los residenciales públicos del Estado Libre Asociado de Puerto Rico* (Reglamento Núm. 8624).

Inconforme con la determinación del Tribunal de Primera Instancia, la señora Concepción presentó su recurso de apelación y formuló los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al declarar con lugar la demanda de desahucio, a pesar de que surge de la prueba documental y testifical del caso que la parte demandante no cumplió con el debido proceso de ley aplicable a las cancelaciones de contratos de la AVP por falta de pago.

> Erró el Tribunal de Primera Instancia al determinar que no procedía la desestimación con perjuicio de la demanda de desahucio de epígrafe, a pesar de que las demandas de octubre de 2024 y marzo de 2025 contenían reclamos idénticos y, en ambas, se solicitó el aviso de desistimiento al amparo de la Regla 39.1.

Por su parte, el 18 de julio de 2025, el Gobierno de Puerto Rico y la AVP, representada por la Oficina del Procurador General de Puerto Rico, presentaron su alegato en oposición, no sin antes advertir que la señora

---

[8] *Véase*, apéndice del recurso, entrada núm. 19 de SUMAC TA.

[9] *Íd.,* entrada núm. 25.

Concepción pretendía impugnar la prueba oral desfilada en la vista, sin embargo, no había solicitado su reproducción.

Tras varias instancias procesales, el 8 de agosto de 2025, la señora Concepción presentó la regrabación de los procedimientos[10]. En esa misma fecha, presentó su alegato suplementario.

En consecuencia, el 15 de agosto de 2025, la AVP presentó su *Escrito de Oposición Suplementaria*.

Con el beneficio de la comparecencia de las partes litigantes, resolvemos:

II

A

En los Artículos 620 al 634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838, se establecen los procedimientos pertinentes a la figura del desahucio. Dicha figura "responde al interés del Estado en atender rápidamente la reclamación del dueño de un inmueble que ve interrumpido el derecho a poseer y disfrutar de su propiedad". *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5, 9-10 (2016).

En lo pertinente, el Art. 620 del referido código dispone que tienen acción para promover el juicio de desahucio los dueños de la finca, sus apoderados o cualquiera otro que tenga derecho a disfrutarla. 32 LPRA sec. 2821. Asimismo, dispone que procederá el desahucio contra los inquilinos, y demás arrendatarios y cualquier otra persona que detente la posesión material o disfrute precariamente, sin pagar canon o merced alguna. 32 LPRA sec. 2822.

Por tanto, a través del desahucio, el dueño busca "recuperar la posesión de hecho de un bien inmueble mediante el lanzamiento o la expulsión del arrendatario o precarista que detente sin pagar canon o

---

[10] La prueba testifical de la AVP consistió en el testimonio de la Sra. Gloria I. Ramírez Ortiz, Administradora del Residencial Luis Llorens Torres, Sector el Medio. La prueba testifical de la señora Concepción consistió en su testimonio. La prueba documental estipulada por las partes consistió en 19 *exhibits*. Entre ellos, el récord de la deuda correspondiente al apartamento 962, Res. Luis Llorens Torres; los complementos de contrato para 21 de abril de 2022, 27 de marzo de 2023, y 15 de abril de 2024, y las cartas de efectividad al 1 de julio de 2022, 1 de julio de 2023, y 1 de julio de 2024. *Véase*, apéndice del recurso, entrada núm. 10 de SUMAC TA.

merced alguna". *ATPR v. SLG Volmar-Mathieu*, 196 DPR, a la pág. 9-10. *Véase*, además, *Mora Dev. Corp. v. Sandín*, 118 DPR 733 (1987). Finalmente, el Art. 627 del Código de Enjuiciamiento Civil dispone que cuando la demanda esté fundamentada en la falta de pago del canon o precio convenido en un contrato, no se admitirá a la parte demandada otra prueba que la del recibo o cualquier otro documento en que conste haberse verificado el pago. 32 LPRA sec. 2829.

B

La Ley Núm. 66 de 17 de agosto de 1989, según enmendada, intitulada *Ley Orgánica de la Administración de Vivienda Pública de Puerto Rico,* 17 LPRA secs. 1001-1014 (Ley Núm. 66-1989) creó dicho organismo con el propósito de proveer vivienda pública adecuada y de calidad a las personas indigentes. Específicamente, la AVP es la entidad responsable de administrar eficientemente los residenciales públicos y de realojar a las personas residentes de estos cuando ello sea necesario.

En esa encomienda, la AVP tiene la facultad de cancelar los contratos de arrendamiento de personas beneficiarias de vivienda pública. Sin embargo, al así hacerlo, la entidad está obligada a velar por el cumplimiento estricto de un debido proceso de ley. *Payano v. Cruz*, 209 DPR 876, 900 (2022).

Ahora bien, por virtud de la Ley Núm. 66-1989, el 31 de julio de 2015, la AVP adoptó el Reglamento Núm. 8624, *Reglamento sobre las políticas de admisión y ocupación continuada en los residenciales públicos del Estado Libre Asociado de Puerto Rico* (Reglamento Núm. 8624)[11]. Mediante dicho reglamento, vigente al momento de los hechos pertinentes a este caso, la AVP estableció las normas que regirían el proceso de cancelación del contrato de arrendamiento. En lo pertinente, establece en su Art. 18.1.2 que el incumplimiento con el pago de la renta será una causa para la cancelación del contrato de arrendamiento.

---

[11] El referido reglamento fue derogado mediante el *Reglamento de política de admisión y ocupación continuada* del 10 de abril de 2025 de la Administración de Vivienda Pública, Reglamento Núm. 9667. No obstante, el Reglamento Núm. 8624 estaba vigente al momento de los hechos que nos ocupan y, por tanto, es el aplicable al caso de autos.

En cuanto al proceso de cancelación de un contrato, el Reglamento Núm. 8624 dispone en su Art. 18.2.1 que, con respecto a la *Notificación de Intención de Cancelación de Contrato de Arrendamiento*, en casos por incumplimiento con el pago de la renta, la AVP deberá cumplir con el siguiente procedimiento, una vez vencidos y adeudados dos (2) meses de renta:

.     .     .     .     .     .     .     .     .     .

(b) Previo a la Notificación de Intención de Cancelación de Contrato de Arrendamiento, la administradora del residencial deberá cumplir con lo siguiente:

1. Transcurrido [*sic*] cinco (5) días desde vencida la renta del primer mes, el Administrador del Residencial enviará un recordatorio a las Familias que no hayan presentado el pago de renta y hará un listado o informe de Familias morosas. El mismo será desglosado por balances pendientes de treinta (30), sesenta (60), noventa (90), y más de noventa (90) días, con una breve explicación sobre las gestiones de cobro realizadas.

2. A partir del vencimiento de la renta del segundo mes, comenzará el proceso de Notificación de Cancelación de Contrato de Arrendamiento.

.     .     .     .     .     .     .     .     .     .

(c) La Intención de Cancelación de Contrato de Arrendamiento contendrá la siguiente información:

1. Nombre y dirección (física y postal) de la Familia.

2. Identificación de la causal y una breve explicación de los hechos que constituyen la causal para la cancelación.

3. Las disposiciones legales o reglamentarias por las cuales se le imputa el señalamiento

4. Fecha de efectividad de la cancelación.

**5. Derecho a solicitar un plan de pago o vista.**

**6. Advertencia que de no solicitar el plan de pago o la vista dentro de los diez (10) días laborables siguientes a la Notificación de Intención de Cancelación se continuará con el proceso de cancelación de contrato.**

(Énfasis nuestro).

De otra parte, en su Art. 18.2.2, el Reglamento dispone lo pertinente a la notificación de desalojo cuando la familia a quien se le haya iniciado el proceso de la cancelación de contrato **no haya ejercido sus derechos a los procedimientos establecidos en el referido reglamento** o cuando la

resolución de la Administración sobre la cancelación del contrato a la familia sea final y firme. En estas circunstancias, el artículo dispone que se procederá a la cancelación del contrato de arrendamiento mediante una notificación escrita, la cual deberá cumplir con los siguientes requisitos:

(i) Sera entregada a la Familia personalmente o por correo certificado con acuse de recibo.

(ii) Exponer las razones que dan lugar a la cancelación del contrato.

(iii) Fecha de efectividad de la cancelación del contrato.

(iv) El nombre del Arrendatario y/o de los Miembros de la Familia que tienen que desalojar la Unidad.

(v) Advertencia que de no desalojar la Unidad en el término de diez (10) días se procederá a radicar la acción correspondiente ante un tribunal por Ocupación Ilegal o Desahucio.

C

En nuestro ordenamiento jurídico, la Regla 39.1 de Procedimiento Civil, 32 LPRA Ap. V, regula las diferentes formas de desistimiento de las reclamaciones judiciales en el ámbito civil. En lo pertinente, la referida regla dispone las instancias en las que la parte demandante puede desistir de un pleito de manera voluntaria a través de un aviso de desistimiento. En particular, el inciso (a) de la Regla 39.1 de Procedimiento Civil establece que la parte demandante puede renunciar a su demanda en cualquier momento previo a la notificación de la contestación de la parte adversa o de una solicitud para que se dicte sentencia sumaria.

Asimismo, aclara que, salvo en las ocasiones en que el aviso de desistimiento o la estipulación exponga lo contrario, el desistimiento será sin perjuicio. No obstante, también dispone que:

[E]l aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presente un demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de Estados Unidos de América**, de otro pleito basado en o que incluya la misma reclamación**.

*Íd.* (Énfasis nuestro).

III

En síntesis, la señora Concepción sostiene que el Tribunal de Primera Instancia erró al declarar con lugar la demanda de desahucio y determinar que no procedía la desestimación con perjuicio de la demanda de desahucio.

En cuanto a su primer señalamiento de error, la señora Concepción plantea que de la prueba documental y testifical surge que la AVP no cumplió con el debido proceso de ley aplicable a las cancelaciones de contratos por falta de pago. Insiste en que el reglamento aplicable a los hechos de su caso es el Reglamento núm. 9667, aprobado el 10 de abril de 2025, el cual entró en vigor el 30 de abril de 2025, antes de que se presentara la demanda de desahucio que hoy nos ocupa, y no el Reglamento Núm. 8624 como determinó el foro primario.

Sostiene que, si bien en nuestro ordenamiento jurídico, como regla general, no se favorece la aplicación retroactiva de los estatutos salvo que se disponga expresamente lo contrario, este principio no resulta absoluto, ni se aplica a las normas de carácter procesal, las cuales, en su apreciación, sí tienen efecto retroactivo y son aplicables a casos pendientes, a no ser que se disponga lo contrario[12].

En la alternativa, reitera que la AVP incumplió con las disposiciones de los Artículos18.1.3 y 18.2.2 del Reglamento Núm. 8624, en cuanto al deber de la AVP de notificar a la señora Concepción de su intención de cancelar el contrato y de su derecho a presentar una querella formal en esa etapa para cuestionar esta intención u ofrecerle la opción de acogerse a un plan de pago. Además, adujo que la AVP obvió la notificación de desalojo diez días antes de presentar la acción de desahucio.

Por su parte, la AVP arguye que la controversia en este caso se debe limitar a determinar si la señora Concepción incumplió con su contrato de arrendamiento y con el pago del canon. Arguye que, contrario a lo

---

[12] En su escrito, la señora Concepción hizo referencia a la opinión emitida por el Tribunal Supremo de Puerto Rico en *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 778 (2022), sobre la irretroactividad de cierta legislación laboral.

planteado por la apelante, surge del testimonio de la señora Concepción en la vista del 7 de julio de 2025, que esta admitió que había recibido múltiples notificaciones de cobro de parte de la administración del residencial, mediante las cuales era citada a la administración para intentar llegar a acuerdos respecto al pago. Resaltó que la señora Concepción reconoció que había acudido voluntariamente en varias ocasiones a la administración para tratar de llegar a acuerdos, los cuales no pudieron ser alcanzados. Además, que ella admitió que, desde enero de 2023, no había realizado pago alguno del canon de arrendamiento pactado, ni siquiera de manera parcial.

En virtud de lo anterior, la AVP sostuvo que la demanda de desahucio presentada por SP Management Corp. contra la señora Concepción procedía como cuestión de derecho, toda vez que la AVP no está obligada a continuar con el arrendamiento de la señora Concepción, quien detenta la posesión material de la propiedad sin pagar el canon pactado, por lo que había incumplido el acuerdo contractual suscrito.

Para disponer correctamente de la presente controversia, es necesario que apliquemos a los hechos antes planteado el análisis de la irretroactividad de los reglamentos administrativos acogido en *Torres Rodríguez v. Carrasquillo Nieves,* 177 DPR 728, 757-759 (2009). En este caso, concluimos que el Reglamento Núm. 9667, que entró en vigor el 30 de abril de 2025, no cumple con los criterios establecidos en *Torres Carrasquillo*, por lo que resulta innegable que el reglamento aplicable los hechos en controversia es el Reglamento Núm. 8264.

En cuanto a este primer señalamiento, concluimos que la señora Concepción Williams no presentó evidencia alguna que refute la corrección y razonabilidad del dictamen apelado, sino que se limitó a plantear un presunto incumplimiento con el debido proceso de ley, que no se sustenta con la prueba presentada y aquilatada por el foro apelado[13]. Por el

---

[13] La señora Concepción narró que, luego de recibir el apoyo financiero de *Covid Renta* en el 2022, no había realizado ningún pago del canon de arrendamiento desde enero de 2023. Regrabación de la vista del 7 de julio de 2025. Minutos 1:19:24-1:20-02.

contrario, la señora Concepción, quien planteó como defensa que no se había cumplido con el debido proceso de ley aplicable a las cancelaciones de contratos de la APV por falta de pago, no ofreció evidencia alguna que permitiera a este Tribunal determinar que la AVP hubiera incumplido con algún procedimiento, según exigido por el reglamento aplicable.

En segundo lugar, la señora Concepción señaló que el Tribunal de Primera Instancia había incidido al determinar que no procedía la desestimación con perjuicio de esta demanda de desahucio. Arguyó que las demandas previas presentadas en su contra en octubre de 2024 y marzo de 2025 contenían reclamos idénticos y, en ambas, AVP había solicitado el desistimiento mediante aviso, al amparo de la Regla 39.1 de Procedimiento Civil, 32 LPRA Ap. V.

En miras a prevalecer, arguye que, como cuestión de hecho, nos encontramos ante tres demandas presentadas a raíz del presunto incumplimiento por falta de pago y la acumulación de la deuda objeto de controversia. Resalta que, tanto en la sentencia apelada, como en las demandas previas, la identidad de las partes y la razón para incoarlas eran idénticas. En virtud de ello, sostiene que, toda vez que la AVP desistió mediante aviso en los aludidos pleitos, aplica la doctrina de los dos desistimientos.

Por su parte, la AVP, si bien reconoce que en los casos núm. SJ2024CV09752 y SJ2025CV02224 existe identidad entre las partes y las causas de acción eran sobre desahucio por falta de pago, destaca que en las referidas reclamaciones no se presentó acción de cobro alguna. Por el contrario, mantiene que solo solicitó recuperar la posesión del bien, basado en el incumplimiento con el pago del canon de arrendamiento. En cuanto a ello, argumenta que se trata de reclamaciones independientes, basadas en incumplimientos contractuales distintos.

Como discutimos, el aviso de desistimiento tendrá el efecto de una adjudicación en los méritos cuando lo presente un demandante que haya desistido anteriormente en el Tribunal General de Justicia de otro pleito

basado en o que incluya la misma reclamación. En esta ocasión, si bien concurre la identidad de partes y se trata de demandas de desahucio por incumplimiento en el pago, no podemos concluir que aplique la doctrina de los dos desistimientos. Nos persuade el argumento de la AVP respecto a que se trata de incumplimientos variados y, por tanto, reclamaciones independientes. Si bien la deuda es acumulativa, se trataba de contratos distintos y periodos de incumplimiento distintos. De otra parte, no podemos obviar que, en la sentencia emitida por el Tribunal de Primera Instancia en el caso SJ2025CV02224, el foro primario dispuso expresamente que acogía el desistimiento avisado por la AVP sin perjuicio.

La señora Concepción, por conducto de su representación legal, nos invita a entrar en un ejercicio de justicia social, dadas las circunstancias personales de la apelante. Si bien no somos ajenos a la empatía que provoca este caso en nuestro ánimo, no estamos en posición de obviar el derecho aplicable y los hechos particulares del mismo[14]. Por tanto, no nos resta sino decretar la corrección de la sentencia dictada por el Tribunal de Primera Instancia.

IV

Por los fundamentos expuestos, confirmamos la sentencia apelada. Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[14] Valga apuntar que, en su *Sentencia*, el foro primario también consignó su simpatía con las circunstancias personales de la señora Concepción.