Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| GDES INVESTMENTS, LLC<br><br>Parte Apelada<br><br><br>v.<br><br><br>ROSA HERNÁNDEZ TEJADAS, ET ALS<br><br>Parte Apelante | TA2026AP00293 | *APELACIÓN procedente* del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: RG2025CV00146<br><br>Sobre: DESAHUCIO |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de marzo de 2026.

Por no haberse prestado oportunamente la correspondiente fianza para apelar, establecida por el Tribunal de Primera Instancia, Sala Superior de Fajardo (en adelante, "TPI" o "foro primario"), procede la **desestimación** del presente recurso de apelación. Veamos.

-I-

El 24 de marzo de 2025, GDES Investments, LLC (en adelante "GDES" o "apelada") presentó una *Demanda* sobre desahucio, en contra de Rosa Hernández Tejadas (en adelante, "Hernández Tejadas" o "apelante").[1] Alegó que es dueña de una propiedad localizada en el Municipio de Río Grande, sobre la cual Hernández Tejadas tiene sito un negocio. Sostuvo que entre ellos no existe un contrato de arrendamiento y que se encuentran bajo la figura del arrendamiento concluido o tácita reconducción. Arguyó

---

[1] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).

que le ha solicitado a Hernández Tejadas desocupar la propiedad y que esta se ha negado.

Luego de extensos trámites procesales, el 16 de marzo de 2026, notificada el día siguiente, el foro de instancia emitió una *Sentencia*.[2] En el referido dictamen, declaró *Ha Lugar* la *Demanda* de desahucio del negocio sito en la propiedad de GDES y fijó una fianza en apelación por la suma de $25,000.00.

El 18 de marzo de 2026, Hernández Tejadas presentó una *Moción Urgente de Reducción de Fianza en Apelación*[3]. Solicitó al TPI la reducción de la fianza fijada a una cuantía razonable y proporcional a la realidad económica del caso.

Ese mismo día, el foro primario emitió y notificó una *Resolución Interlocutoria*[4], mediante la cual declaró *Ha Lugar* la mencionada moción y rebajó la cuantía de la fianza a $10,000.00.

Inconforme con la *Sentencia* dictada por el foro primario, el 22 de marzo de 2026, la apelante acudió ante nos por medio del recurso de *Apelación*[5] y formuló los siguientes señalamientos de error:

> **PRIMER ERROR:** Erró el Tribunal de Primera Instancia al adjudicar sumariamente el caso de desahucio a pesar de la existencia de controversias sustanciales de hecho sobre la titularidad, cabida, mensura y ubicación del inmueble.
>
> **SEGUNDO ERROR:** Erró el Tribunal al ignorar el récord procesal, incluyendo las determinaciones previas del propio foro, la intervención de la ACT y la evidencia técnica presentada.
>
> **TERCER ERROR:** Erró el Tribunal al concluir que la Autoridad de Carreteras no era parte indispensable, a pesar de existir controversia

---

[2] Entrada Núm. 72 del SUMAC TPI.
[3] Entrada Núm. 73 del SUMAC TPI.
[4] Entrada Núm. 74 del SUMAC TPI.
[5] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA).

sobre el "right of way" y la titularidad del terreno.

**CUARTO ERROR:** Erró el Tribunal al imponer una fianza en apelación excesiva y carente de base probatoria, que en la práctica limita el derecho a la revisión apelativa.

Ese mismo día, la apelante presentó además, una *Moción en Auxilio de Jurisdicción*[6], en la que solicitó la paralización de los efectos de la *Sentencia* emitida por el foro de instancia, sin prestación de fianza.

El 23 de marzo de 2026, GDES presentó una *Moción de Desestimación*[7] y alegó que, toda vez que la apelante no ha cumplido con su obligación de prestar fianza, el Tribunal de Apelaciones carece de jurisdicción para considerar y resolver la controversia presentada.

El 24 de marzo de 2026, esta Curia emitió y notificó una *Resolución*[8] mediante la cual declaró *No Ha Lugar* el auxilio de jurisdicción presentado por la apelante.[9]

-II-

A.

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias.[10] Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia.[11] Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber

---

[6] Entrada Núm. 2 del SUMAC TA.
[7] Entrada Núm. 3 del SUMAC TA.
[8] Entrada Núm. 4 del SUMAC TA.
[9] El 24 de marzo de 2026, la apelante presentó una *Moción Urgente de Reconsideración de Resolución que Declaró "No Ha Lugar" la Solicitud de Auxilio de Jurisdicción y "Ha Lugar" la Moción de Desestimación* (Entrada Núm. 5 del SUMAC TA). En respuesta, el apelado presentó la correspondiente *Oposición a Moción de Reconsideración* (Entrada Núm. 6 del SUMAC TA). Dicha moción de reconsideración fue declarada *No Ha Lugar* el 25 de marzo de 2026 (Entrada Núm. 7 del SUMAC TA).
[10] *Allied Mgmt. Grp.,* Inc. v. Oriental Bank, 204 DPR 374, 385 (2020); *Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[11] *Íd*, pág. 385.

ineludible de auscultar dicho asunto con preferencia a cualesquiera otros.[12]

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.[13]

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay.[14] A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia.[15]

**B.**

El desahucio es el medio que tiene el dueño de un inmueble para recobrar judicialmente su posesión. Los artículos 620-634 del Código de Enjuiciamiento Civil[16] regulan las normas sobre la acción de desahucio. Estas responden al interés del Estado en atender expeditamente la reclamación del dueño de un inmueble, al que le han interrumpido los derechos a poseer y disfrutar su propiedad. El objetivo principal del desahucio es

---

[12] *Pueblo v. Torres Medina*, 211 DPR 950 (2023).
[13] *Allied Mgmt. Group v. Oriental Bank*, *supra*.
[14] *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022).
[15] *Íd*.
[16] 32 LPRA secs. 2821-2838.

recuperar la posesión de hecho de un bien inmueble mediante el lanzamiento o la expulsión del arrendatario o precarista que lo detente sin pagar canon o merced alguna.[17]

Con relación al término para apelar, el Art. 630 establece:

> Las apelaciones deberán interponerse **en el término de cinco (5) días,** contados desde la fecha de archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma o sus abogados. (Énfasis Nuestro).[18]

Por otro lado, el Art. 631 del Código de Enjuiciamiento Civil[19] establece como requisito, para poder apelar una sentencia en la que se ordena el desahucio, el otorgamiento de una fianza. Específicamente, establece lo siguiente:

> **No se admitirá al demandado el recurso de apelación si no otorga fianza, por el monto que sea fijado por el tribunal,** para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de apelación; pudiendo el demandado, cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en Secretaría el importe del precio de la deuda hasta la fecha de la sentencia. (Énfasis nuestro).

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha expresado que el requisito que obliga a un demandado a prestar fianza en apelación es **jurisdiccional en todo tipo de pleito de desahucio,** aun si no se fundare en falta de pago.[20] El propósito de exigir el pago de una fianza no responde únicamente para garantizar el pago adeudado, sino también por los daños resultantes de mantener congelado el libre uso de la propiedad mientras se dilucida la apelación.

---

[17] ATPR v. SLG Volmar Mathieu, 196 DPR 5, (2016).
[18] 32 LPRA sec. 2831.
[19] 32 LPRA sec. 2832.
[20] Crespo Quiñones v. Santiago Velázquez, 176 DPR 408, 413 (2009). (Énfasis nuestro).

Nuestro Más Alto Foro expresó que la fianza **tiene que otorgarse dentro del término para apelar**.[21]   Por tanto, si el demandado no presta la fianza requerida por ley, este Tribunal no adquiere jurisdicción para atender el recurso de apelación.

### -III-

En este caso, la apelante acude ante nos mediante un recurso de apelación. Sin embargo, esta no otorgó la correspondiente fianza para apelar, por el monto que fijó el Tribunal de Primera Instancia. Tampoco solicitó exoneración por insolvencia económica al foro primario.

Como mencionamos anteriormente, si la parte apelante no otorga la fianza requerida, no se admitirá un recurso de apelación. Dicho requisito de prestar fianza en apelación es jurisdiccional en todo tipo de pleito de desahucio. Por lo que, este Tribunal no adquirió jurisdicción para atender el presente recurso de apelación.

Por ello, procede la desestimación del recurso de apelación por falta de jurisdicción, por incumplimiento con el requisito de fianza.

### -IV-

Por los fundamentos antes expuestos, se **desestima** el presente recurso de apelación por falta de jurisdicción, por incumplir con el requisito de fianza.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[21] *Íd.* (Énfasis nuestro).